## STATE v. GARLAND BANKS.

(Filed 10 November, 1965.)

**Criminal Law § 79; Searches and Seizures § 1—**

Testimony disclosing that an officer was advised by a fellow officer to intercept the vehicle operated by defendant, that when the truck passed he followed, whereupon defendant and his companion abandoned the truck and fled, that the truck had cardboard boxes on its bed from which eminated the odor of whiskey, and that a search disclosed a number of gallons of whiskey in fruit jars enclosed in the cardboard boxes, *held* proper predicate for a search, and motion to suppress the evidence was correctly denied.

APPEAL by defendant from *Clark, S.J.*, First Week, May, 1965 Criminal Session, WAKE Superior Court.

Criminal prosecution upon three warrants charging unlawful transportation, unlawful possession, and unlawful possession for the pur-

pose of sale, of 102 gallons of bootleg liquor on which neither the taxes imposed by the Act of Congress nor by the State of North Carolina had been paid.

The warrants were returnable before the Recorder's Court of Middle Creek, Panther Branch, Holly Springs, and Swift Creek Townships of Wake County. From a sentence of 12 months on the roads imposed by the recorder, the defendant appealed to the Superior Court. In the Superior Court the defendant moved to suppress the evidence upon the ground that ABC Officer Munn obtained the evidence by reason of his unlawful search of defendant's motor vehicle without a warrant and by reason of that unlawful search found 102 gallons of nontaxpaid whisky concealed in fruit jars enclosed in cardboard boxes in the bed of the defendant's pickup truck.

The court made preliminary inquiry and upon the basis of the evidence, which will be discussed in the opinion, refused to suppress the evidence, permitted Officer Munn to testify before the jury. Upon the officer's testimony the jury returned a verdict of guilty. From a judgment on the verdict, the defendant appealed.

*T. W. Bruton, Attorney General, George A. Goodwyn, Staff Attorney for the State.*
*Robert L. McMillan for defendant appellant.*

PER CURIAM. ABC Officer Munn testified that while he was parked at night on Highway 55 at Kennebec Church, he received a call over his radio from a fellow officer (Sparkman) advising him to be on the lookout for the defendant and his vehicle, probably with a load of contraband. When the pickup truck passed the church the defendant was driving and another man was with him. Officer Munn followed the pickup which pulled off the road at a nearby store and stopped. When Officer Munn drove up both men got out of the pickup and left on foot. Officer Munn observed the cardboard boxes in the bed of the truck and detected the strong odor of whisky coming from the truck. His search disclosed 102 gallons of white nontaxpaid liquor.

At the time Mr. Munn searched the truck he had the message from his fellow officer to intercept the vehicle and the defendant Banks. When the truck passed, Munn followed; whereupon, both Banks and his companion abandoned the truck and fled. This background, the cardboard boxes, and the whisky odor coming from the abandoned truck were sufficient to warrant the officer in believing that he had probable cause for his successful search and rendered the search reasonable. The defendant's motion to suppress the evidence was

properly denied. No other question of importance is disclosed by the record.

No error.