STATE OF NORTH CAROLINA v. COLONEL DALIA BRAXTON, JR.

No. 875SC1197

(Filed 17 May 1988)

1. Searches and Seizures § 11— traffic violation—furtive movements—no probable cause to search vehicle

Contraband seized from defendant's vehicle should have been excluded from evidence in a prosecution for felonious possession of marijuana where a detective observed defendant driving 58 to 60 miles per hour in a 45-mile per hour zone; the detective, intending only to warn defendant about his speed, turned on his blue light and then his siren; the detective observed that defendant appeared to be stuffing something under the seat; defendant pulled over and stopped; the detective parked behind him and, as the detective was leaving his vehicle, defendant started moving his car forward and again appeared to be stuffing something under the seat; the detective reentered his car and accelerated; defendant immediately pulled into the parking lot of a vacant shopping center approximately 45 to 55 feet from the point where he had initially stopped; defendant left his car and closed his door as the detective approached; the detective "patted down" defendant and twice asked what he had stuffed under the seat of the car; defendant answered neither question; the detective opened the door, reached under the seat, and found a plastic bag containing marijuana; the detective then arrested defendant and seated him in the patrol car; and the detective then went back to defendant's car, renewed the search, and found two additional bags of marijuana, rolling papers, and a knife. The record is devoid of any evidence which would justify finding that the detective had any information concerning criminal conduct or evidence of crime relating to defendant. Defendant's movements, though highly suspicious, cannot be said to be clearly furtive and mere suspicion will not support a finding of probable cause.

2. Searches and Seizures § 9— stop for traffic violation—search incident to arrest —not proper

Contraband seized from defendant's car should not have been admitted in a prosecution for felonious possession of marijuana where an officer stopped defendant for speeding, observed that defendant appeared to be stuffing something under the seat, defendant left the car and closed the door as the

detective approached, the detective patted down defendant and asked what had been stuffed under the seat of the car without response, and the detective then reached under the front seat of the car and discovered a plastic bag containing marijuana. The search cannot be justified as being incident to arrest because an incident search cannot precede an actual arrest and serve as a part of its justification, and defendant was not in the car and could not have reached anything under the seat. Moreover, defendant's act of speeding was not a criminal violation but an infraction and the detective had no authority to arrest him.

APPEAL by defendant from *Washington (Edward K.), Judge.* Order entered 11 September 1987 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 12 April 1988.

Defendant was indicted on 3 August 1987 for felonious possession of marijuana, a violation of G.S. 90-95(a)(3). On 10 September 1987, defendant, through counsel, filed a motion to suppress evidence taken from his motor vehicle on 10 April 1987. This evidence was obtained as a result of a search without a warrant. On 10 September 1987, a hearing was held on the motion to suppress. From an adverse ruling, defendant gave notice of intent to appeal pursuant to G.S. 15A-979(b). Without waiving his right to appeal and specifically reserving the same, defendant on 3 November 1987 entered a plea of guilty to the charge of felonious possession of marijuana in the Superior Court of New Hanover County. From a judgment imposing a probationary sentence, defendant appeals.

We are called upon to decide whether the search of defendant's vehicle violates the Fourth and Fourteenth Amendments to the United States Constitution. The facts giving rise to this appeal are uncontroverted. On 10 April 1987, at approximately 8:00 a.m., Detective R. F. Wade of the New Hanover County Sheriff's Department was driving an unmarked patrol car in a northerly direction on N. C. Highway 421 in New Hanover County. Defendant, a resident of Wilmington, North Carolina, was also driving north on the same highway and passed the detective's patrol car. Detective Wade accelerated his vehicle and clocked defendant at a speed of approximately 58-60 miles per hour in a 45-mile per hour speed zone. The detective, intending only to warn defendant about his speed, activated his blue light in order to stop defendant's vehicle. Detective Wade did not see defendant look in his rearview mirror so he turned on his siren to attract defendant's

attention. The detective then observed that defendant appeared to be stuffing something under the seat. Defendant pulled over and stopped outside the traveled portion of the highway. Detective Wade pulled over and parked behind defendant. As the detective was exiting his patrol vehicle, defendant started moving his car forward and again appeared to be stuffing something under the seat. Detective Wade re-entered his patrol car and accelerated. Defendant immediately pulled into a parking lot at a vacant shopping center approximately 45-55 feet from the point where he had initially stopped. As the detective approached defendant's car, defendant exited his automobile and closed the door. Detective Wade approached, "patted down" defendant and on two occasions asked defendant what had been stuffed under the seat of the car. Defendant did not answer on either occasion. The detective opened the door and reached under the front seat of defendant's car where he discovered a plastic bag containing a green vegetable substance that was subsequently determined to be marijuana. The detective then arrested defendant and seated him in the patrol car. Detective Wade returned to defendant's vehicle and renewed the search which resulted in the seizure of two additional bags of marijuana, rolling papers and a knife. Defendant did not consent to the search of his vehicle and none of the items seized were in plain view. Detective Wade testified that before the contraband was found under the car seat he had no intention of taking any action except to warn defendant about his speed. Defendant assigns error to the court's order denying his motion to suppress the evidence seized from his vehicle.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas D. Zweigart, for the State.*

*Newton, Harris & Shanklin, by Allan Brandon Tise, for defendant-appellant.*

SMITH, Judge.

We must first decide whether the initial search of defendant's vehicle was lawful. If it was not, the seizure of the first bag of marijuana was unlawful. Fruits of an unlawful search are not made lawful by the discovery of contraband. *Byers v. United States*, 273 U.S. 28, 71 L.Ed. 520, 47 S.Ct. 248 (1927).

[1]   Defendant contends that the uncontroverted facts fail to establish probable cause for the warrantless searches of his vehicle. We agree.

This Court has previously held that gestures which are not clearly furtive are insufficient to establish probable cause for a warrantless search unless the officer has other specific knowledge relating to evidence of crime. *State v. Blackwelder*, 34 N.C. App. 352, 238 S.E. 2d 190 (1977). In the instant case defendant's movements, though highly suspicious, cannot be said to be clearly furtive. Mere suspicion, however, will not support a finding of probable cause. *Wong Sun v. United States*, 371 U.S. 471, 9 L.Ed. 2d 441, 83 S.Ct. 407 (1963). Detective Wade testified at the suppression hearing that he had no knowledge or information that defendant had contraband or any specific item in his vehicle. The record is devoid of any evidence which would justify a finding that Detective Wade had any information concerning criminal conduct or evidence of crime relating to defendant. Even a "good faith" belief by the detective that defendant was hiding contraband or evidence of crime would be insufficient to establish probable cause unless that " 'faith [was] grounded on facts within [the detective's] knowledge . . . which in the judgment of the court would make his faith reasonable.' " *Carroll v. United States*, 267 U.S. 132, 161-162, 69 L.Ed. 543, 555, 45 S.Ct. 280, 288 (1925), *quoting Director General v. Kastenbaum*, 263 U.S. 25, 68 L.Ed. 146, 44 S.Ct. 52 (1923). There is nothing in the record before us which would indicate that Detective Wade formed any belief, reasonable or otherwise, that defendant was hiding contraband or evidence of crime. *See State v. Beaver*, 37 N.C. App. 513, 246 S.E. 2d 535 (1978). Though deliberately furtive actions are strong indicia of *mens rea*, such actions must be combined with specific knowledge relating the suspect to evidence of crime before they are proper factors to be considered in establishing probable cause. *Sibron v. New York*, 392 U.S. 40, 20 L.Ed. 2d 917, 88 S.Ct. 1889 (1968).

[2]   One exception to the rule prohibiting warrantless searches and seizures arises when the search or seizure is incident to a lawful arrest. *Weeks v. United States*, 232 U.S. 383, 58 L.Ed. 652, 34 S.Ct. 341 (1914). These searches are justified to seize evidence of the crime as well as weapons which might facilitate an escape from custody. *Preston v. United States*, 376 U.S. 364, 11 L.Ed. 2d 777, 84 S.Ct. 881 (1964). In the case before us, defendant was not

under arrest. He was not in the car and the detective testified defendant could not have reached anything under the seat. We also hold that the initial search cannot be justified as being incident to arrest because an incident search cannot precede an actual arrest and serve as part of its justification. *Henry v. United States*, 361 U.S. 98, 4 L.Ed. 2d 134, 80 S.Ct. 168 (1959).

The State contends that this search and seizure was lawful because the officer had the authority to stop defendant's vehicle and arrest him for speeding. We disagree. It is unquestioned that Detective Wade had the authority to stop defendant's vehicle and detain defendant. G.S. 20-183(a) and G.S. 15A-1113(b). The officer's testimony was to the effect that he only intended to warn defendant about his excessive speed. The record does not reveal whether this was to be a verbal warning or whether the officer intended to issue a formal warning ticket authorized by G.S. 20-183(b). We note, however, that defendant was speeding at a maximum speed of 60 miles per hour in a 45-mile per hour speed zone. Under the law in effect at the time, this act of speeding was not a criminal violation but rather it was merely an infraction. G.S. 20-141. As defendant was a resident of North Carolina, the detective had no authority to arrest him for the commission of an infraction. G.S. 15A-1113(c)(2). We also point out that the power to arrest does not necessarily include the authority to search a motor vehicle in the absence of probable cause. *Dyke v. Taylor Implement Co.*, 391 U.S. 216, 20 L.Ed. 2d 538, 88 S.Ct. 1472 (1968). Because there was no probable cause for the search in question we find it unnecessary to discuss the authority of a law enforcement officer to search a motor vehicle which has been stopped for an infraction.

Another exception to the rule against warrantless searches was approved in *Terry v. Ohio*, 392 U.S. 1, 20 L.Ed. 2d 889, 88 S.Ct. 1868 (1968). This so-called "stop and frisk" rule allows an officer investigating suspicious behavior by an individual at close range to determine whether the suspicious person is armed and to neutralize any threat if the officer has a reasonable belief that the suspect is armed or presently dangerous. This "stop and frisk" exception to unreasonable search and seizure has been extended to automobiles. *Michigan v. Long*, 463 U.S. 1032, 77 L.Ed. 2d 1201, 103 S.Ct. 3469 (1983). In *Long*, the Court acknowledged that investigative detention of persons in automobiles presents a

danger to police officers. The Court then held that those areas of a passenger compartment of a motor vehicle where weapons might be hidden may be searched if the facts, coupled with rational inferences drawn therefrom, reasonably warrant an officer's belief that a suspect is dangerous and may gain control of weapons. The facts now before us do not warrant such a belief. It is uncontroverted that defendant could not obtain any weapon or other item from the car.

As the officer had no probable cause for the initial search of defendant's vehicle, the arrest and subsequent search and seizure were also unauthorized.

> [T]he arrest of . . . defendant[] and the later search of . . . [his] vehicle clearly arose from and were based upon the information obtained by virtue of the unlawful seizure of the [marijuana]. The evidence obtained by virtue of [this arrest] and searches was the product of actions not authorized by law and, thus . . . should have been excluded from evidence. *See Wong Sun v. United States,* 371 U.S. 471, 9 L.Ed. 2d 441, 83 S.Ct. 407 (1963), *and Mapp v. Ohio,* 367 U.S. 643, 6 L.Ed. 2d 1081, 81 S.Ct. 1684 (1961).

*State v. Beaver,* 37 N.C. App. at 519, 246 S.E. 2d at 540.

For the foregoing reasons we hold that the contraband seized from defendant's vehicle should have been excluded from evidence in the trial court.

New trial.

Judges JOHNSON and PHILLIPS concur.