STATE OF NORTH CAROLINA, PLAINTIFF v. JACK CORPENING, DEFENDANT

No. 9115SC1165

(Filed 6 April 1993)

**Searches and Seizures § 11 (NCI3d) — search of disabled vehicle — odor of white liquor — probable cause**

The trial court did not err by denying defendant's motion to suppress evidence of white liquor and marijuana found in the back of defendant's van where defendant pulled into the lot of an old store when the right rear tire of his van caught on fire; he found a water hose and extinguished the fire; a volunteer fire department arrived soon after and defendant requested that a wrecker be called; a deputy arrived at about the same time as the wrecker; the deputy observed that the rear area of the van had been burned, that the window glass was missing, and that a fresh piece of cardboard had been placed in the window so that the interior was not visible; defendant appeared to be nervous; the deputy, who had been a law enforcement officer for thirteen years and who had smelled white liquor on a number of occasions, recognized the odor of white liquor coming from the van; the deputy asked if he could look into the van and defendant replied, "Well, I'd rather you didn't"; the deputy told defendant he would need to investigate the fire further before the van could be towed and defendant said, "Okay, go ahead and look," or words to that effect; and the deputy discovered in the van 451 jugs of non-tax paid whiskey and a plastic bag containing marijuana. A search warrant is not a prerequisite to carrying out a search of a

STATE v. CORPENING

[109 N.C. App. 586 (1993)]

motor vehicle as long as the officer has probable cause to search. The court in this case found that the deputy was sufficiently experienced to make a reliable determination that what he smelled was illegal contraband (white liquor), that defendant appeared to be very nervous, and that defendant had placed cardboard over a burned-out window on the van after the fire. Although defendant argues that there were no exigent circumstances and that the deputy could have obtained a warrant because the vehicle was not driveable and was going to be towed, no exigent circumstances other than the motor vehicle itself are required in order to justify a warrantless search of a motor vehicle in a public place based on probable cause to believe that it contains the instrumentality of or pertains to a crime.

**Am Jur 2d, Searches and Seizures § 45.**

**Validity, under Federal Constitution, of warrantless search of motor vehicle — Supreme Court Cases. 89 L. Ed. 2d 939.**

Appeal by defendant from judgments entered 26 June 1991 by Judge J. B. Allen, Jr., in Alamance County Superior Court. Heard in the Court of Appeals 3 February 1993.

Defendant was convicted of maintaining a vehicle for the purpose of keeping or selling controlled substances, felony possession of marijuana, possession with intent to sell or deliver marijuana, and possession and transportation of a non-tax paid alcoholic beverage. The trial court entered judgments sentencing defendant to imprisonment for a total of seven years. Defendant appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney General J. Peter Rascoe, III, for the State.*

*Robert H. Hood, III, for defendant-appellant.*

MARTIN, Judge.

Defendant's sole contention on appeal is that the trial court erred by denying his motion to suppress evidence discovered during a warrantless search of his motor vehicle. We find no error in the trial court's ruling.

The scope of review on appeal of the denial of a defendant's motion to suppress is strictly limited to determining whether the

trial court's findings of fact are supported by competent evidence, in which case they are binding on appeal, and in turn, whether those findings support the trial court's conclusions of law. *State v. Cooke*, 306 N.C. 132, 291 S.E.2d 618 (1982); *State v. Fleming*, 106 N.C. App. 165, 415 S.E.2d 782 (1992). In the present case, the evidence offered at the hearing on defendant's motion to suppress tended to show that defendant, who was from Burke County, was driving his 1979 Chevrolet van on N.C. Highway 62 in Alamance County when the right rear tire of the vehicle caught fire. Defendant pulled off the highway into the lot of an old store, found a water hose, and extinguished the fire. Shortly thereafter, a volunteer fire department crew arrived, and defendant requested that a wrecker be called.

Deputy K. B. Wolford of the Alamance County Sheriff's Department was dispatched and arrived at approximately the same time as the wrecker. He observed that the rear area of the van had been burned and that the window glass was missing. A fresh piece of cardboard had been placed in the window so that the interior of the van was not visible. Defendant appeared to Deputy Wolford to be nervous. While standing at the van, Deputy Wolford detected an odor coming from the van which he recognized as the odor of "white liquor." Deputy Wolford had been a law enforcement officer for thirteen years and had smelled "white liquor" on a number of occasions.

Deputy Wolford asked defendant if he could look into the van and defendant replied, "Well, I'd rather you didn't." Deputy Wolford then told defendant that he would need to investigate the fire further before the van could be towed and defendant said, "OK, go ahead and look," or words to that effect. When Deputy Wolford looked inside the van, he discovered 451 gallon jugs of non-tax paid whiskey. Some of the jugs at the rear of the van had been damaged by the fire, and the contents had spilled onto the floor of the vehicle. Defendant was placed under arrest. A further search of the van revealed a plastic bag containing marijuana.

In general, the Fourth Amendment to the Constitution of the United States requires that a governmental search and seizure of private property be accompanied by judicial approval in the form of a warrant, unless an established exception to the warrant requirement exists involving exigent circumstances. *State v. Cherry*, 298 N.C. 86, 257 S.E.2d 551 (1979), *cert. denied*, 446 U.S. 941, 64

L.Ed.2d 796 (1980); *Cooke*, 306 N.C. 132, 291 S.E.2d 618 (1982). The protection from unreasonable search and seizure provided by the Fourth Amendment and by Article I, Section 20 of the North Carolina Constitution extends to occupants of automobiles. *State v. Gwyn*, 103 N.C. App. 369, 406 S.E.2d 145, *disc. review denied*, 330 N.C. 199, 410 S.E.2d 498 (1991); *State v. Tillett*, 50 N.C. App. 520, 274 S.E.2d 361 (1981).

Both the United States Supreme Court and the North Carolina Supreme Court consistently hold that one exception to the warrant requirement involves the search of a motor vehicle on public property. *Carroll v. United States*, 267 U.S. 132, 69 L.Ed. 543 (1924); *State v. Isleib*, 319 N.C. 634, 356 S.E.2d 573 (1987). The inherent mobility of the motor vehicle is the exigent circumstance. *Isleib*, *supra*. Pursuant to the so-called "automobile exception" to the warrant requirement, a search warrant is not a prerequisite to the carrying out of a search of a motor vehicle as long as the officer has probable cause to search. *Id.*

Thus, because the search in the present case involved a motor vehicle in a public area, the only determination left for review is whether Deputy Wolford had probable cause to search the van. Probable cause requires that the existing facts and circumstances be sufficient to support a fair probability or reasonable belief that contraband will be found in the automobile. *State v. Simmons*, 278 N.C. 468, 180 S.E.2d 97 (1971); *State v. Ford*, 70 N.C. App. 244, 318 S.E.2d 914 (1984). It is not required that there be proof beyond a reasonable doubt or even *prima facie* evidence of guilt, rather it is enough if based upon the factual and practical considerations of everyday life, the evidence would actuate a reasonable person acting in good faith. *State v. Harris*, 279 N.C. 307, 182 S.E.2d 364 (1971); *State v. Andrews*, 52 N.C. App. 26, 277 S.E.2d 857 (1981), *aff'd in part, rev'd in part*, 306 N.C. 144, 291 S.E.2d 581, *cert. denied*, 459 U.S. 946, 74 L.Ed.2d 205 (1982).

In this case, the trial court found as facts that Deputy Wolford was sufficiently experienced to make a reliable determination that what he smelled was illegal contraband (white liquor). Other courts have similarly determined that the odor of illegal liquor or marijuana may form the basis of probable cause for a warrantless search of a vehicle. *State v. Greenwood*, 301 N.C. 705, 273 S.E.2d 438 (1981); *State v. Banks*, 265 N.C. 590, 144 S.E.2d 661 (1965). Additionally, the trial court found in this case that defendant appeared

to Deputy Wolford to be very nervous and that defendant had placed cardboard over a burned-out window on the van after the fire. These findings are fully supported by competent evidence and support the trial court's determination that Deputy Wolford had reasonable grounds to conclude that the van contained contraband, and that he did not need a warrant to search.

Although the trial court also determined that the white liquor presented a dangerous situation in conjunction with the previous fire, there was no requirement that Deputy Wolford believe that a dangerous condition existed before he could search. The automobile alone presented the exigent circumstances, and probable cause was established through the reasonable belief that the van contained contraband. Moreover, Deputy Wolford's authority to search, based on probable cause, extended to the entire van. In any event, once the defendant had been arrested, the entire passenger area of the van was subject to search as an incident of the arrest. *State v. Wrenn*, 316 N.C. 141, 340 S.E.2d 443 (1986).

Defendant cites *State v. Braxton*, 90 N.C. App. 204, 368 S.E.2d 56 (1988), in support of his contention that Deputy Wolford had insufficient information to provide probable cause to search. In *Braxton*, the officer stopped a speeding car intending to issue a warning to the operator. The officer observed, however, the operator stuff something under the seat. The driver then got out of the vehicle and closed the door. The officer opened the door, reached under the seat, and found marijuana. This Court held that the actions of the operator were insufficient to establish probable cause in the mind of the detective. *Id.*

The present case is easily distinguishable from *Braxton*. In that case, there was no evidence that the officer possessed any knowledge or information that the motorist was engaged in criminal conduct or in possession of contraband; indeed, the officer testified that he had no such information and intended only to issue a warning until he saw the motorist's suspicious movements. In the present case, Deputy Wolford not only observed suspicious circumstances, but also, through his recognition of the distinctive odor of the illicit liquor, gained specific information that defendant had contraband in his vehicle.

Defendant also argues that because his vehicle was not driveable, and was going to be towed, there were no exigent circumstances, and Deputy Wolford could have obtained a search warrant. Our

Supreme Court has specifically held that the fact that an officer has probable cause to secure a search warrant and adequate time to obtain one, but fails to do so, does not vitiate the rule of *Carroll*. *Isleib, supra*. No exigent circumstances other than the motor vehicle itself are required in order to justify a warrantless search of a motor vehicle in a public place based on probable cause to believe that it contains the instrumentality of or pertains to a crime. *Id.*

The trial court's denial of defendant's motion to suppress the evidence obtained as the result of a warrantless search of his vehicle was proper.

No error.

Judges JOHNSON and GREENE concur.