STATE v. MINOR

[132 N.C. App. 478 (1999)]

———————————

STATE OF NORTH CAROLINA v. REGINALD MAURICE MINOR, Defendant

No. COA98-393

(Filed 2 March 1999)

**1. Search and Seizure— defective motion to suppress—right to appeal**

A motion by the State to dismiss an appeal involving cocaine and a weapon seized from an automobile was denied where the State contended that the motion to suppress was defective in that it requested suppression of "statements" while the supporting affidavit referred to "items." The trial judge has discretion to

STATE v. MINOR

[132 N.C. App. 478 (1999)]

rule on a defective motion and a defendant's failure to comply with N.C.G.S. § 15A-977 does not defeat his right to appeal such a ruling.

**2. Appeal and Error— preservation of issues—no privacy interest in searched automobile—not raised at hearing**

The State could not assert on appeal that a passenger in an automobile had no legitimate privacy interest in the vehicle where that ground was not raised at the suppression hearing.

**3. Search and Seizure— warrantless search of automobile— actions not clearly furtive**

A motion to suppress a controlled substance and a weapon should have been granted where a vehicle was stopped for having a smeared temporary license tag, the driver and passengers were removed from the vehicle, the interior of the car was searched without permission, and a weapon and crack cocaine were found in a jacket behind where defendant had been sitting. Defendant merely accessed the center console and rubbed his hands on his legs before he was removed from the car; his actions were not clearly furtive and the evidence does not support a finding that the officers had specific knowledge linking defendant to some criminal activity or any reasonable belief he was armed or dangerous.

Appeal by defendant from judgment entered 30 September 1997 by Judge Ronald Stephens in Durham County Superior Court. Heard in the Court of Appeals 6 January 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General William McBlief, for the State.*

*Assistant Public Defender Lisa M. Miles, for defendant-appellant.*

LEWIS, Judge.

Defendant asserts that his Fourth Amendment rights under the United States Constitution were violated by the search of his person and the search of a vehicle in which he was a passenger. His motion to suppress evidence seized in the search of the vehicle was denied, and he pled guilty to one count of possession of a Schedule II substance and one count of carrying a concealed weapon. We reverse the trial court's denial of the motion to suppress.

The evidence tended to show that on 23 March 1997 at approximately 4 p.m., defendant was a passenger in a Nissan Altima with a temporary license tag. Because the date on the temporary tag was smeared and illegible, two Durham police officers, Officer Ripberger and Sergeant Mihiach, stopped the vehicle. Sergeant Mihiach testified that he saw defendant move his hand toward the center console of the car after the blue lights were activated. After the car stopped, Sergeant Mihiach approached the driver side of the car. Sergeant Mihiach removed the driver, frisked him, and talked with him while Officer Ripberger stood at the passenger side of the car. Officer Ripberger testified that he saw defendant rub his hand on his thigh as though feeling his pocket. Defendant then put his hand on the door handle as if to emerge from the car, but defendant dropped his hand and remained in the car when he saw Officer Ripberger beside the car.

After determining that the driver had no weapons, Sergeant Mihiach ordered the passengers, defendant and one other man, out of the car. Both men were frisked, and no contraband or weapons was discovered on either. Sergeant Mihiach then twice asked the driver's permission to search the car but received no answer. Sergeant Mihiach then searched the interior of the car. A jacket was found behind where defendant had been sitting, and a .32 caliber handgun was in the pocket. After arresting defendant for carrying a concealed weapon, Sergeant Mihiach further searched the jacket and found crack cocaine in a pocket. The officers determined at some point that the temporary license tag was valid, and no charges were filed against the driver of the car.

[1] We first must address the State's motion to dismiss defendant's appeal. The State contends that the motion to suppress was defective because the motion itself requested the court suppress all "statements," but the affidavit in support of the motion said defendant's attorney believed law enforcement lacked probable cause to seize "items." Even assuming the State is correct in its contention that the language discrepancy flaws the motion, the relevant statutes do not require dismissal of this appeal. Section 15A-977(c)(2) simply says the trial judge *may* deny a motion if the "affidavit does not as a matter of law support the ground alleged." N.C. Gen. Stat. § 15A-977(c)(2) (1997) (emphasis added). The trial judge has discretion to rule on a defective motion, and a defendant's failure to comply with section 15A-977 does not defeat his right to appeal such a ruling. *State v. Marshall*, 92 N.C. App. 398, 406, 374 S.E.2d 874, 878 (1988), *cert.*

*denied*, 328 N.C. 273, 400 S.E.2d 459 (1991). The State's motion to dismiss the appeal is denied.

**[2]** The State asserts that defendant, a passenger in the car, had no legitimate privacy interest in the vehicle. Because this ground was not raised at the suppression hearing, the State cannot now make this argument. *See State v. Green*, 103 N.C. App. 38, 42, 404 S.E.2d 363, 366 (1991).

**[3]** Defendant contends that both the search of his person and of the vehicle in which he was a passenger were unconstitutional. We do not reach the question of the search of his person because no evidence was produced as a result. As such, defendant cannot show he was prejudiced by the search of his person, and any error was harmless. *See e.g., State v. Thomas*, 329 N.C. 423, 438, 407 S.E.2d 141, 151 (1991), *cert. denied*, —— U.S. ——, 139 L. Ed. 2d 41 (1997). We do, however, reach the Constitutional question raised regarding the search of the vehicle, and we reverse the trial court.

The United States Supreme Court has approved the search of the passenger compartment of a vehicle, even after the subject is removed from the vehicle, when the officer has an objectively reasonable and articulable belief that the suspect is dangerous. *Michigan v. Long*, 463 U.S. 1032, 1051, 77 L. Ed. 2d 1201, 1221 (1983). An officer may search

> the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, . . . if the police officer possesses a reasonable belief based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant" the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.

*Id.* at 1049, 77 L. Ed. 2d at 1220 (quoting *Terry v. Ohio*, 392 U.S. 1, 21, 20 L. Ed. 2d 889, 906 (1968)). The rule established in *Long* essentially is an extension of the holding in *Terry* which allows an officer to frisk a suspicious person to determine if he is armed. The Court in *Long* noted that the officers had seen a weapon in the vehicle before searching it. *See id.* at 1050, 77 L. Ed. 2d at 1220-21.

This Court previously has addressed the propriety of a search of the passenger compartment of a vehicle. In *State v. Braxton*, 90 N.C. App. 204, 207, 368 S.E.2d 56, 58 (1988), we held that "gestures which are not clearly furtive are insufficient to establish probable cause for

a warrantless search unless the officer has other specific knowledge relating to evidence of crime." In *Braxton,* the defendant was speeding and initially refused to stop for the officer's blue light. When the officer sounded his siren, the officer observed the defendant put something under the seat. The defendant then stopped the car, but when the officer exited the car, the defendant began driving again and continued to shove something under the seat. The defendant finally stopped in a parking lot approximately 50 feet from the initial stop. When the defendant exited the car, the officer frisked him, but the defendant refused to answer questions about what was under the seat. The officer searched under the seat, found marijuana, arrested the defendant, and resumed searching the car. The search incident to arrest uncovered more contraband and a knife. We held that the defendant's mere suspicious movements and actions were not enough to give the officer a reasonable belief that the defendant was dangerous. *Id.* at 209, 368 S.E.2d at 59.

This Court upheld a vehicle search in which the defendant relied on *Braxton* in *State v. Corpening,* 109 N.C. App. 586, 427 S.E.2d 892 (1993). In *Corpening,* the defendant challenged a warrantless search of his van. The van had caught fire and was disabled; when an officer responded to help, he detected the odor of moonshine. Upon searching the vehicle, the officer found 451 gallon jugs of illegal liquor. We said in *Corpening* that probable cause to search a vehicle requires facts and circumstances "sufficient to support a fair probability or reasonable belief that contraband will be found in the automobile." *Id.* at 589, 427 S.E.2d at 894. We distinguished *Braxton,* noting that the officer in *Corpening* had independent knowledge—the smell—of probable contraband in the vehicle. *Id.* at 590, 427 S.E.2d at 895.

Here, defendant's motions were not "clearly furtive." *Braxton,* 90 N.C. App. at 207, 368 S.E.2d at 58. Defendant merely accessed the center console and rubbed his hands on his legs. These actions are not nearly so suspicious as those this Court deemed not furtive in *Braxton,* nor had the officers any independent knowledge linking defendant to any criminal activity.

The State asserts that *Long* controls and allows the search of the car in this case. As explained above, we disagree. The State further relies on our decision in *State v. Hamilton,* 125 N.C. App. 396, 481 S.E.2d 98, *disc. review denied,* 345 N.C. 757, 485 S.E.2d 302 (1997). In *Hamilton,* the defendant and a friend arrived on a bus from New York City carrying only one small piece of luggage. Two officers followed

STATE v. MINOR

[132 N.C. App. 478 (1999)]

the taxi hailed by the defendant as it took them toward a known drug area. While following the taxi, the officers noticed that neither the taxi driver nor the defendant, the front seat passenger, was wearing a seat belt. The officers stopped the taxi, and when they approached the defendant's side of the taxi, the defendant's "hand began to reach toward his left side." *Id.* at 398, 481 S.E.2d at 99. One officer asked the defendant to get out; the officer then frisked the defendant and discovered 192.5 grams of crack cocaine.

*Hamilton* is clearly distinguishable from this case. First, the search of the defendant's person was at issue there, while here it is the search of the *car* in which defendant rode. In affirming the search of the defendant's person in *Hamilton*, we noted that the police had evidence the defendant had committed an infraction since he was observed without a seat belt. Furthermore, the officer in *Hamilton* immediately removed from the car the subject who moved furtively. The immediate removal in *Hamilton* supports an articulable suspicion that the defendant was armed and contrasts with the case before us where the person the officers supposedly feared was left in the car for a period of time. *Cf. State v. Pearson*, 348 N.C. 272, 276, 498 S.E.2d 599, 601 (1998) (noting that officer being in presence of defendant for 10 minutes before frisking him was a factor in determination that "the circumstances . . . did not justify a nonconsensual search of the defendant's person.").

Because the evidence does not support a finding that the officers in this case had any specific knowledge linking defendant to some criminal activity or any reasonable belief he was armed or dangerous, the search of the vehicle was improper. *See Braxton*, 90 N.C. App. at 207, 368 S.E.2d at 58. The motion to suppress should have been granted. Because we are bound by *Braxton*, we reverse the trial court's order, and we remand with instructions to enter an order allowing the motion to suppress.

Reversed and remanded.

Judges WALKER and TIMMONS-GOODSON concur.