STATE OF NORTH CAROLINA
v.
PAULETTE BAILEY
No. COA07-989
North Carolina Court of Appeals
Filed June 3, 2008
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General J. Allen Jernigan, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Charlesena Elliott Walker, for defendant-appellant.
CALABRIA, Judge.
Paulette Bailey ("defendant") was convicted of possession of a Schedule II controlled substance, possession of drug paraphernalia, and reckless driving. After invoking our discretion to grant certiorari and review the substance of this appeal, we find no error.
The State presented the following evidence. On 30 August 2005, Officer Jason Hinson of the Kannapolis Police Department ("Officer Hinson") was on patrol duty on Dale Earnhardt Boulevard. He observed a vehicle fail to stop at a stop sign while traveling approximately 25 to 30 miles per hour. Officer Hinson followed the vehicle in his Kannapolis police vehicle equipped with blue lights and sirens. As soon as Officer Hinson observed the vehicle fail to stop at two traffic lights, he activated his blue lights and sirens, and pursued the vehicle. As he followed the vehicle on Dale Earnhardt Boulevard, the vehicle crossed two lanes of traffic, turned right while failing to stop at a red light, and drove over a curb.
When the vehicle slowed to make a right turn, Officer Hinson checked the vehicle's license number. He discovered the vehicle was registered to defendant, who did not have a valid driver's license, but possessed an identification card. After the vehicle turned right, defendant failed to stop at two additional red lights, and passed the Kannapolis Police Department, then turned right into the parking lot of the police department. As the vehicle circled the police department's parking lot, several uniformed police officers walked outside to investigate the situation. The officers told the driver to stop and step outside the vehicle. As the driver circled the police department, she asked the police officers if they were the "real polices." The driver eventually placed the vehicle in park, stepped outside the vehicle, and identified herself as defendant.
After defendant stepped outside the vehicle, Officer Hinson noticed defendant appeared disoriented, and asked her for identification. He also asked why she did not think they were police officers. After Officer Hinson repeatedly told defendant they were police officers, defendant finally calmed down, but never gave Officer Hinson a valid driver's license. Defendant began totell the officers about an incident that occurred earlier in the day. However, when Officer Hinson questioned defendant about the place where the incident occurred, defendant refused to tell Officer Hinson the location. Since defendant was uncooperative, Officer Hinson placed her under arrest and restrained her in handcuffs.
After Officer Hinson restrained defendant, he performed a search incident to arrest and found a black pouch in her right back pocket. A small Brillo pad and a tool socket were located inside the black pouch. Based on his training and experience, Officer Hinson believed the tool socket was used for smoking cocaine, and took the object into evidence. Lieutenant Tony Clark of the Kannapolis Police Department ("Lieutenant Clark") searched defendant's vehicle and discovered what appeared to him to be a crack rock located under the front passenger seat. The officers charged defendant with possession of a Schedule II controlled substance, driving while impaired, possession of drug paraphernalia, reckless driving, and driving without an operator's license. At the close of the State's evidence, the Honorable Judge Vance B. Long ("Judge Long") dismissed the charge of driving without an operator's license. Defendant did not present any evidence.
On 17 March 2006, the jury returned guilty verdicts for possession of a Schedule II controlled substance, possession of drug paraphernalia, and reckless driving. The jury returned a not guilty verdict for driving while impaired. Subsequently, defendantpled guilty to attaining the status of an habitual felon. Judge Long sentenced defendant to a minimum term of 90 months and a maximum of 117 months in the North Carolina Department of Correction. On 6 November 2006, defendant filed a petition for writ of certiorari and we granted defendant's petition on 8 December 2006.
On appeal, defendant argues the trial court erred in (I) admitting, over defendant's objections, evidence of her previous conviction for sale and delivery of cocaine; (II) instructing the jury that they could consider defendant's prior drug offense conviction in determining whether the tool socket was drug paraphernalia; and (III) denying defendant's motions to suppress evidence seized as a result of the search incident to arrest and search of her vehicle.

I. Sale and Delivery of Cocaine
Defendant first argues the trial court erred in admitting, over defendant's objections, her previous conviction for the sale and delivery of cocaine. We disagree.
"It is well established in North Carolina that when the defendant in a criminal trial does not testify, evidence of other offenses is inadmissible if its only relevance is to show the character of the accused or his disposition to commit the offense charged." State v. Armistead, 54 N.C. App. 358, 359, 283 S.E.2d 162, 163 (1981) (citation omitted).
In the instant case, defendant did not testify, and the State did not present any evidence of the facts underlying her 1996 conviction for the sale and delivery of cocaine. Where the defendant does not testify, admitting the bare fact of the defendant's prior conviction violates Rule 404(b). State v. Wilkerson, 356 N.C. 418, 571 S.E.2d 583 (2002) (reversing this Court's decision and adopting Judge Wynn's dissent in State v. Wilkerson, 148 N.C. App. 310, 559 S.E.2d 5 (2002)); State v. Hairston, 156 N.C. App. 202, 576 S.E.2d 121 (2003).
In arguing that the trial court erred in admitting evidence of defendant's prior conviction for the sale and delivery of cocaine, defendant relies on Wilkerson, supra, and State v. McCoy, 174 N.C. App. 105, 620 S.E.2d 863 (2005). However, defendant's reliance on these cases is misplaced. In Wilkerson, the jury convicted defendant of possession with intent to sell or deliver cocaine and trafficking in cocaine. Wilkerson, 148 N.C. App. at 312, 559 S.E.2d at 6. Defendant did not testify. Id. The State sought to introduce evidence of defendant's prior convictions under N.C. Gen. Stat. § 8C-1, Rule 404(b). Id. at 312, 559 S.E.2d at 7. Because the State sought to introduce defendant's prior convictions under a rule of evidence, the Wilkerson court analyzed whether admitting defendant's prior convictions into evidence was proper under Rule 404(b). Id. Similarly, in McCoy, "[a] jury found defendant guilty of one count of assault inflicting serious bodily injury, two counts of assault inflicting serious injury, two counts of assault with a deadly weapon, and two counts of second-degree kidnaping." McCoy, 174 N.C. App. at 108, 620 S.E.2d at 867. At trial, the State sought to introduce evidence of defendant's prior conviction for assault inflicting serious injury under Rule 404(b). Id. at 110, 620 S.E.2d at 867. In determining the trial court erred in admitting evidence of defendant's prior conviction, this Court held:
While the trial court properly admitted Officer Wall's testimony under Rule 404(b), it erred in admitting the evidence of defendant's prior conviction pursuant to Rule 404(b). As in Wilkerson, the bare fact of a non-testifying defendant's prior conviction was admitted and published to the jury under Rule 404(b) after testimony had been elicited to establish the factual basis underlying that conviction. Because we are unable to distinguish this case from Wilkerson, we conclude that the trial court committed prejudicial error entitling defendant to a new trial.
Id. at 111, 620 S.E.2d at 868.
Thus, in both Wilkerson and McCoy, the State sought to admit evidence of the defendant's prior conviction solely under Rule 404(b). However, Rule 404(b) is a rule of evidence. In the instant case, defendant was charged with possession of drug paraphernalia as a result of the Brillo pad and tool socket that were found in defendant's right back pocket. The State introduced evidence of defendant's prior conviction pursuant to N.C. Gen. Stat. § 90-113.21(b) (2005). N.C. Gen. Stat. § 90-113.21(b) provides:
(b) The following, along with all other relevant evidence, may be considered in determining whether an object is drug paraphernalia:
. . . .
(2) Prior convictions of the owner or other person in control of the object for violations of controlled substances law.
Therefore, the State was allowed to admit evidence of defendant's prior conviction pursuant to an enumerated statutory factor, and not under a rule of evidence. As such, defendant's argument has no merit.
Defendant also argues the trial court erred in admitting defendant's prior conviction in violation of North Carolina Rules of Evidence 401 and 402. Rule 402 states that evidence must be relevant to be admissible. N.C. Gen. Stat. § 8C-1, Rule 402 (2005). Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2005). In the instant case, N.C. Gen. Stat. § 90-113.21(b) provides that evidence of a defendant's prior conviction for violation of a controlled substances law may be admitted to determine whether an object is drug paraphernalia. Defendant had a prior conviction for a controlled substances violation and defendant was charged with possession of drug paraphernalia. Thus, under the purview of the statute, defendant's prior conviction for sale and delivery of cocaine is relevant to determine whether the Brillo pad and tool socket discovered in defendant's right back pocket were drug paraphernalia.
Furthermore, in admitting defendant's prior conviction, the trial court gave a limiting jury instruction, as follows:
Members of the jury, this conviction, if determined by you to be relevant, may be considered by you only as some evidence as to whether or not State's Exhibit Number 8 [a9/16-inch tool socket stuffed with a burnt Brillo pad] is in fact drug paraphernalia. This evidence may  must not be considered by you for any other purpose.
Therefore, since the trial judge admitted defendant's prior conviction pursuant to N.C. Gen. Stat. § 90-113.21(b) and not under North Carolina Rule of Evidence 404(b), we conclude the trial court did not err in admitting defendant's prior conviction. This assignment of error is overruled.

II. Jury Instruction
Defendant next argues the trial court erred in instructing the jury that they could consider defendant's prior drug offense conviction in determining whether the tool socket and Brillo pad found in defendant's right back pocket were drug paraphernalia.
The trial judge instructed the jury as follows:
[T]his conviction, if determined by you to be relevant, may be considered by you only as some evidence as to whether State's Exhibit Number 8 [a 9/16-inch tool socket stuffed with a burnt Brillo pad] is in fact drug paraphernalia. This evidence may  must not be considered by you for any other purpose.
Defendant first argues the trial judge's instruction to the jury was erroneous in that his instruction gave the jury the responsibility of determining whether defendant's prior conviction was relevant. A trial judge must determine whether evidence is relevant. See State v. Little, 27 N.C. App. 211, 213, 218 S.E.2d 486, 488 (1975) ("Whether the requisite degree of relevancy exists is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of thejurors."); State v. Brooks, 113 N.C. App. 451, 457, 439 S.E.2d 234, 238 (1994) . In the instant case, after the State sought to introduce defendant's prior conviction for sale and delivery of cocaine into evidence under N.C. Gen. Stat. § 90-113.21(b), the trial judge heard arguments from both the State and defense counsel outside the presence of the jury regarding the admissibility of the prior conviction. After hearing arguments from both sides, it appears that the trial judge independently determined the relevancy of defendant's prior conviction because the trial judge gave a limiting instruction to the jury.
The trial judge instructed the jury that defendant's prior conviction was to be considered only "as some evidence" as to whether the tool socket and burnt Brillo pad discovered in defendant's back pocket were drug paraphernalia. Furthermore, an isolated expression contained in an otherwise correct jury instruction will not constitute error. See State v. Morgan, 359 N.C. 131, 165, 604 S.E.2d 886, 907 (2004) ("Where the instructions to the jury, taken as a whole, present the law fairly and clearly to the jury, we will not find error even if isolated expressions, standing alone, might be considered erroneous."). Therefore, we conclude the trial judge's statement to the jury "if determined by you to be relevant" was only "an isolated expression contained in an otherwise correct jury instruction." Id. As such, the trial judge's instruction to the jury did not constitute error, and this assignment of error is overruled.

III. Motions to Suppress
Lastly, defendant argues the trial court erred in failing to grant her motions to suppress the evidence seized as a result of Officer Hinson's search of defendant and the search of her vehicle.
Before addressing the merits of defendant's assignment of error, we note that the trial court did not make specific findings of facts at the suppression hearing, nor did the trial court subsequently enter a written order containing specific findings of facts related to its decision to deny defendant's motions to suppress.[1] N.C. Gen. Stat. § 15A-977(f) requires the trial judge to make findings of fact and conclusions of law in the record when ruling on a motion to suppress. N.C. Gen. Stat. § 15A-977(f) (2005). However, when there is no material conflict in the evidence, "failure to find that fact is not error. Its finding is implied from the ruling of the court." State v. Smith, 346 N.C. 794, 800, 488 S.E.2d 210, 214 (1997) (quotation omitted).
In the instant case, the parties do not dispute the facts that led to the search of defendant and her vehicle, but rather, defendant argues that such facts do not justify defendant's arrest and the subsequent search incident to arrest. Therefore, we find no prejudicial error regarding the trial court's failure to make findings of fact and conclusions of law before ruling on defendant's motion to suppress. See id. In ruling on a motion to suppress, the trial judge is given deference "because he is in the best position to weigh the evidence, given that he has heard all of the testimony and observed the demeanor of the witnesses." State v. Hughes, 353 N.C. 200, 207, 539 S.E.2d 625, 631 (2000). However, the trial court's determination that the items discovered in defendant's back pocket and vehicle were obtained through a lawful search incident to arrest is fully reviewable by this Court. See State v. Harper, 158 N.C. App. 595, 602, 582 S.E.2d 62, 67 (2003) (holding that the trial court's conclusions of law in an order on a motion to suppress are fully reviewable by the Court).
"It is axiomatic that unreasonable searches and seizures are prohibited by both our federal and state constitutions. Generally, warrantless searches are not allowed absent probable cause and exigent circumstances, the existence of which are factual determinations that must be made on a case by case basis." Id. (citations omitted). However, an exception to the warrant requirement is a search incident to a lawful arrest. State v. Logner, 148 N.C. App. 135, 139, 557 S.E.2d 191, 194 (2001). "Under this exception, if the search is incident to a lawful arrest, an officer may conduct a warrantless search of the arrestee's person and the area within the arrestee's immediate control." Id. (quotation marks and quotation omitted). "Probable cause for an arrest has been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty[.]"State v. Harris, 279 N.C. 307, 311, 182 S.E.2d 364, 367 (1971) (quoting 5 Am. Jur. 2d Arrests § 44 (1962)). "To justify a warrantless arrest, it is not necessary to show that the offense was actually committed, only that the officer had a reasonable ground to believe it was committed." State v. Thomas, 127 N.C. App. 431, 433, 492 S.E.2d 41, 42 (1997) (citation omitted). On appeal, defendant argues that the police officers had no authority to arrest defendant, and therefore no authority to conduct a search incident to arrest, for failing to stop at several traffic lights because the traffic violation was merely an infraction. Pursuant to N.C. Gen. Stat. § 15A-1113 (2005), "[a] law enforcement officer who has probable cause to believe a person has committed an infraction may detain the person for a reasonable period in order to issue and serve him a citation." N.C. Gen. Stat. § 20-158(b)(2) (2005) forbids motorists from entering an intersection "[w]hen a traffic signal is emitting a steady red circular light." In addition, under N.C. Gen. Stat. § 20-176 (2005), failure to stop for a traffic light that has turned red is an infraction.
Defendant relies in part on State v. Braxton, 90 N.C. App. 204, 368 S.E.2d 56 (1988), in arguing the trial court erred in denying his motion to suppress. In Braxton, Detective R. F. Wade of the New Hanover County Sheriff's Department ("Detective Wade") stopped defendant's vehicle for driving approximately 58-60 miles per hour in a 45 mile-per-hour zone. Id. at 205, 368 S.E.2d at 57. Detective Wade initially intended only to warn defendant about hisexcessive speed, but as Detective Wade activated his blue lights to stop defendant's vehicle, he "observed that defendant appeared to be stuffing something under the seat." Id. at 206, 368 S.E.2d at 57. After Detective Wade stopped defendant's vehicle, the defendant stepped out of his vehicle, and Detective Wade then "patted down" the defendant. Id. Since defendant was unresponsive to Detective Wade's questions concerning what had been stuffed under the seat of the vehicle, Detective Wade "reached under the front seat of defendant's [vehicle] where he discovered a plastic bag . . . that was subsequently determined to be marijuana." Id. Detective Wade then arrested defendant. Id. At trial, the court denied defendant's motion to suppress the evidence seized as a result of a search of his vehicle. Id. at 205, 368 S.E.2d at 57. On appeal, this Court granted defendant a new trial. Id. at 209, 368 S.E.2d at 59. This Court determined that Detective Wade had the authority to stop defendant's vehicle for speeding, an infraction, however, Detective Wade had no probable cause to arrest the defendant or search defendant's vehicle. Id. at 208, 368 S.E.2d at 59. As Detective Wade had no probable cause to search defendant's vehicle, the arrest and subsequent search of defendant's vehicle was unlawful. Id. at 209, 368 S.E.2d at 59. Braxton is distinguishable from the case sub judice. In the instant case, defendant's failure to stop at five red lights and a stop sign, turn across lanes and drive over a curb were more than infractions. Defendant also failed to stop her vehicle while being pursued by a marked police vehicle with blue lights and sirensengaged. Furthermore, Officer Hinson testified on voir doir that when he checked the vehicle's license number, he was informed by the dispatcher that the owner did not possess a valid driver's license. Therefore, Officer Hinson had probable cause to arrest defendant for driving without a license in violation of N.C. Gen. Stat. § 20-7 (2005) and reckless driving under N.C. Gen. Stat. § 20-140(a) (2005), which are both Class 2 misdemeanors.
Therefore, we conclude that Officer Hinson had probable cause to arrest defendant. See Harris, supra. Since Officer Hinson had probable cause to arrest defendant, the subsequent search incident to arrest and the search of her vehicle were lawful. See Logner, 148 N.C. App. at 139, 557 S.E.2d at 194-95 (When a police officer has made a lawful custodial arrest of an occupant of a vehicle, the police officer may conduct a search incident to arrest and contemporaneously search the passenger compartment of the vehicle.). As such, we conclude that the trial court's decision to deny defendant's motions to suppress was not error. This assignment of error is overruled.
No error.
Chief Judge MARTIN and Judge GEER concur.
Report per Rule 30(e).
NOTES
[1] When the trial court announced its ruling denying defendant's motions to suppress, the trial court stated that the motions were "denied." The trial court never mentioned preparing a written order relating to specific findings of facts, and if an order was ever prepared, it is not in the record on appeal.