STATE OF NORTH CAROLINA
v.
REGINALD CLOUD.
No. COA08-555
Court of Appeals of North Carolina.
Filed December 2, 2008
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Thomas J. Pitman.
Thomas Reston Wilson, for Defendant.
ARROWOOD, Judge.
Reginald Cloud (Defendant) was indicted on 26 March 2007 for felony possession of cocaine, possession of drug paraphernalia, carrying a concealed weapon and having attained habitual felon status. Prior to trial, Defendant filed a motion to suppress evidence seized as a result of a search of his person by police. A hearing was held on Defendant's motion to suppress on 27 November 2007. Following the hearing, the trial court denied the motion to suppress and Defendant entered a guilty plea to felony possession of cocaine, possession of drug paraphernalia, carrying a concealed weapon, and having attained habitual felon status. Defendant reserved his right to appeal the denial of his motion to suppress. The trial court sentenced Defendant to a term of 80 to 105 months imprisonment for the felony possession of cocaine and having attained habitual felon status. Defendant was also sentenced to 120 days for the misdemeanors. Defendant appeals.
Evidence presented at the suppression hearing tends to show that on 15 December 2006 at approximately 11:45 p.m., Officer S.L. Langdon of the Winston-Salem Police Department was patrolling the area of 16th Street and Liberty Street, near the BP gas station. Officer Langdon had his windows down and he observed a black male and black female arguing loudly in the public vehicular area of the gas station. Officer Langdon pulled into the parking area to conduct a security check. The woman was incredibly upset and Officer Langdon asked her why she was upset. She told Officer Langdon that Defendant attempted to sell her drugs, that she did not smoke illegal drugs and was angry at Defendant's insinuation that she did. Officer Langdon asked Defendant if he tried to sell drugs to the woman. Defendant said that he did not sell drugs, that he thought he had heard that she wanted to buy drugs, and he asked out of curiosity because he knew where she could purchase drugs. Officer Langdon asked Defendant if he had anything on him and whether he was trying to sell drugs. Defendant told Officer Langdon that he was not trying to sell drugs and consented to a search of his person.
Almost simultaneously with Officer Langdon asking Defendant for consent to search, Officers Hege and Baldwin arrived. Officer Hege testified that he and Officer Baldwin were approximately fourblocks away from Officer Langdon's location when they heard Officer Langdon call in the security check on his radio and they proceeded to his location. Officer Hege pulled close to where Officer Langdon and Defendant were standing and got out of his patrol car. Officer Hege recognized Defendant from previous arrests and told Officer Langdon Defendant's name.
Officer Langdon asked Officer Hege to run Defendant's information on his in-car computer. While Officer Hege was running Defendant's information, Officer Langdon searched Defendant. During the search, Officer Langdon found what he recognized to be a crack pipe and two push rods for imbibing cocaine in Defendant's right front pocket. Officer Langdon also found a blue, Cobalt folding razor in Defendant's left front pocket. After searching Defendant, Officer Langdon placed Defendant's right hand behind his back and advised him that he was under arrest. When Officer Langdon attempted to grab Defendant's left hand, Officer Hege stated that Defendant had something in his hand. At this point, Officer Langdon looked at Defendant's hand and noticed he was cupping it. Officer Langdon asked Defendant what was in his hand, and Defendant replied, "Just some change." Officer Langdon asked Defendant to open his hand and Defendant did not. Officer Langdon then placed Defendant's hand on the hood of Officer Hege's car and either Officer Hege or Officer Baldwin assisted Officer Langdon by grabbing Defendant's right arm and holding it behind his back. Officer Langdon opened Defendant's fingers and found a small amount of change and what he recognized to be a rock of crack cocaine. The substance was later field tested and the result was positive for cocaine.
We first address Defendant's argument that the trial court erroneously denied his motion to suppress the evidence seized by police. Defendant contends that his consent to the search was not voluntary. Defendant argues that the arrival of Officers Hege and Baldwin transformed the initial voluntary investigative inquiry into a compulsory detainment and search. We disagree.
Our review of the trial court's "denial of a defendant's motion to suppress is strictly limited to determining whether the trial court's findings of fact are supported by competent evidence, in which case they are binding on appeal, and in turn, whether those findings support the trial court's conclusions of law." State v. Corpening, 109 N.C. App. 586, 587-88, 427 S.E.2d 892, 893 (1993). However, the trial court's conclusions of law are fully reviewable on appeal. State v. Brooks, 337 N.C. 132, 141, 446 S.E.2d 579, 585 (1994).
"Evidence seized during a warrantless search is admissible if the State proves that the defendant freely and voluntarily, without coercion, duress, or fraud, consented to the search. "State v. Williams, 314 N.C. 337, 344, 333 S.E.2d 708, 714 (1985). The court must look at the totality of the circumstances at the time of the search in determining whether the consent to search was free and voluntary. Id.
In the present case, the trial court found that Defendant gave his consent to search knowingly and voluntarily. Defendant arguesthat the totality of the circumstances compelled him to consent to the search. However, the only circumstance Defendant has articulated is the mere presence of the two additional officers.
The evidence shows that Officers Hege and Baldwin did not participate in the search of Defendant. Officer Baldwin observed the search, while Officer Hege was in his patrol car running Defendant's information. At no time did either Officer Hege or Baldwin make a show of force or draw a weapon, nor was Defendant in handcuffs. In addition, prior to the two officers arriving, Officer Langdon had not drawn his weapon, touched Defendant, or threatened Defendant in any way.
Moreover, Defendant admitted giving Officer Langdon permission to search him. In fact, Defendant testified that he had been arrested several times previously, that he always cooperated with the police and granted permission for the police to search him. Thus, considering the totality of the circumstances we uphold the trial court's determination that Defendant consented to the search. The trial court properly denied Defendant's motion to suppress.
We next consider whether Defendant's sentence of 80 to 105 months imprisonment constituted cruel and unusual punishment where Defendant was found to be in possession of 0.1 grams of crack cocaine, and where the underlying felonies were either Class H or I non-violent felonies.
"It is well established that to challenge the constitutionality of an issue on appeal, the party must raise the issue at trial." State v. Canellas, 164 N.C. App. 775, 778, 596S.E.2d 889, 891 (2004) (citing State v. Benson, 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988)). Defendant failed to demonstrate that he raised the constitutionality of the Habitual Felon Act at trial; therefore, Defendant failed to properly preserve this issue for appellate review. Id. In addition, Defendant did not even attempt to preserve his right to appeal this issue prior to the entry of his guilty plea. Accordingly, we decline to address Defendant's constitutionality argument.
For the reasons stated above, we affirm.
Affirmed.
Judges TYSON and BRYANT concur.
Report per Rule 30(e).