STATE OF NORTH CAROLINA v. WILLIAM NATHANIEL MANGUM

No. 769SC106

(Filed 4 August 1976)

1. Criminal Law § 84; Searches and Seizures § 1— constitutional arrest — arrest illegal under N. C. law — admissibility of seized evidence

Items seized incident to defendant's arrest were admissible in evidence where the arrest was constitutionally valid since the officer had probable cause to make the arrest, notwithstanding the arrest was in violation of G.S. 15A-402 because made by a city officer more than one mile outside the city boundary.

2. Criminal Law § 76— confession — intoxication of defendant

The evidence supported the court's determination that defendant was not intoxicated when he made a confession to the sheriff where the sheriff testified that defendant appeared to be highly intoxicated when placed in the county jail at 3:00 or 4:00 a.m., that he did not question defendant until 7:30 or 7:45 p.m., and that defendant appeared to be sober at such time.

3. Criminal Law § 111— written instructions on elements of crimes

Defendant was not prejudiced when the court gave the jury sealed envelopes containing memoranda on the essential elements of the crimes which the jury could consider.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 1 October 1975 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 24 May 1976.

The defendant, William Nathaniel Mangum, was charged in a bill of indictment, proper in form, with the armed robbery of Beatrice Pendleton on 1 February 1975. In a separate indictment, proper in form, defendant was also charged with assault on Beatrice Pendleton on 1 February 1975 with a deadly weapon with intent to kill inflicting serious injury.

The defendant was arraigned on 29 September 1975 and entered pleas of not guilty to both charges. He also moved, pursuant to G.S. 15A-974, to suppress certain evidence, to wit: a confession obtained during a custodial interrogation and any clothing and contents thereof which the defendant was wearing when he was taken into custody.

There was a hearing after which Judge Godwin made findings and conclusions and entered an order denying defendant's motion.

At trial, the State offered evidence tending to show the following: Beatrice Pendleton was working in "Pendleton's Grill" near Franklinton, North Carolina, at approximately 11:45 p.m. on 31 January 1975 when the defendant came in and asked for cigarettes. Mrs. Pendleton testified:

"When I turned for the cigarettes, he grabbed me by the hair, beat me to the floor with his fists, used five drink bottles on me, he beat me with a bottle, he said, 'I'm going to kill you,' and beat me some more with the bottles and picked me up and threw me out the side door. I couldn't get up."

The defendant took approximately $25.00 in currency and "a piece of bent wire" from the cash register. Deputy Sheriff William Hunter and Sheriff William T. Dement investigated the robbery and assault. In addition to finding numerous pieces of broken glass which had blood on them, Hunter found, approximately 300 yards from the grill, a "blue jean type jacket," which had blood on it.

The defendant was arrested early in the morning on 1 February 1975. Officer James Frazier searched defendant incident to the arrest and found a pocketfull of coins and a "bent wire" on the defendant.

Sheriff Dement questioned the defendant on the evening of 1 February and obtained a statement from the defendant. In the statement, the defendant admitted robbing Mrs. Pendleton and hitting her with his fists but denied hitting her with a bottle. He also admitted taking off his jacket and throwing it away as he ran from the Grill.

At the close of the State's evidence, the District Attorney announced it would only seek a conviction for common law robbery on the armed robbery charge.

The defendant testified in his own behalf. He offered evidence tending to show that he had gone to the Ponderosa Club on the evening of 31 January where he gambled and got drunk. He thought he passed out at the Club and has no recollection of robbing or assaulting Mrs. Pendleton. He did not remember what happened to his clothes or even what he was wearing. When he was arrested, the coins in his pocket were some money he had won gambling, and he made the bent wire himself to use

as a key to his grandmother's house. He did not remember being informed of his rights or making or signing a statement for Sheriff Dement.

The jury returned verdicts of guilty of common law robbery and guilty of assault with a deadly weapon inflicting serious injury. From judgment entered that defendant be imprisoned for ten years on each charge, the sentences to run consecutively, defendant appealed.

*Attorney General Edmisten by Associate Attorney Acie L. Ward for the State.*

*Robert H. Hobgood for defendant appellant.*

HEDRICK, Judge.

The defendant's first two assignments of error relate to the trial court's denial of his motion to suppress. After the hearing on defendant's motion, Judge Godwin made findings summarized as follows:

Officers of the Sheriff's Department contacted Franklinton city policeman James Frazier via a police radio in the early morning of 1 February 1975 and requested him to investigate a reported break-in at the home of Annie Boylorn. He drove to Boylorn's home, three miles outside the Franklinton city limits. When he was approximately one hundred yards from her home, he observed defendant "standing at the door . . . with one hand on the closed door and his head leaning against his arm, which was resting on or near the door." It appeared to Frazier that defendant was attempting to break into the house, so he went to defendant and arrested him. Incident to the arrest, Frazier searched the person of the defendant and found a .22 caliber blank pistol, coins, a chapstick, a bent wire, and a book of matches.

Frazier transported defendant to the Franklinton police department where he was met by Sheriff Dement who arrested defendant for the armed robbery and assault of Beatrice Pendleton, the crimes charged in this case. Dement also took custody of the coins, pistol and other items found on the defendant.

When Dement transferred defendant to the county jail around three or four o'clock in the morning, he appeared to be highly intoxicated. Dement did not attempt to question defend-

ant until 7:30 or 7:45 that evening. The defendant then appeared to be sober. Dement advised him of his rights guaranteed by the Constitution in accordance with *Miranda.* The defendant said that he understood his rights and signed a written waiver-of-rights form. Initially, he denied any knowledge of the assault and robbery of Mrs. Pendleton; but when informed that there was a witness who saw him at Mrs. Pendleton's, defendant agreed to tell what happened. He then made an incriminating statement to Dement who copied it down, read it back to defendant, and had the defendant sign it.

There were no exceptions to the court's findings.

[1]  Defendant contends the court erred in allowing "into evidence a gun, coins and a bent wire obtained from the person of the defendant during a search incident to an unlawful arrest."

G.S. 15A-402 provides in pertinent part the following:

> "*Territorial jurisdiction of officers to make arrests.*—
>
> * * *
>
> (c) City Officers, Outside Territory.—Law-enforcement officers of cities may arrest persons at any point which is one mile or less from the nearest point in the boundary of such city."

*See also* G.S. 160A-286.

Under this statute, Officer Frazier had no authority to arrest defendant at Ms. Boylorn's home three miles outside Franklinton. The technical violation of this statute, however, does not necessarily require exclusion of evidence obtained in the search incident to the arrest. The Fourth Amendment only protects the defendant against *unreasonable* searches. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081 (1961); *Elkins v. United States,* 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed. 2d 1669 (1960); *State v. Ratliff,* 281 N.C. 397, 189 S.E. 2d 179 (1972). "An unlawful arrest may not be equated, as defendant seeks to do, to an unlawful search and seizure." *State v. Eubanks,* 283 N.C. 556, 560, 196 S.E. 2d 706, 709 (1973). Under the Constitution, an arrest is valid when the officer has probable cause to make it. Whether probable cause exists depends upon whether the facts and circumstances known to the officer at the time "were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense."

State v. Mangum

*Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed. 2d 142 (1964) ; *State v. Eubanks, supra.* Judge Godwin's conclusion that Frazier "had probable cause to believe that the defendant was attempting to feloniously break or enter the Boylorn home" is supported by the facts found. We agree that probable cause did exist to arrest defendant. As was stated in *Eubanks, supra* at 560:

> "The issue then is this: When an arrest is Constitutionally valid but illegal under the law of North Carolina, must the facts discovered or the evidence obtained as a result of the arrest be excluded as evidence in the trial of the action? The answer is *no.*" (Emphasis added.)

It also makes no difference that the evidence seized is introduced in a trial of a crime different from the one for which defendant was arrested. *State v. Eppley,* 282 N.C. 249, 192 S.E. 2d 441 (1972). We hold the findings made by Judge Godwin after a hearing on defendant's motion to suppress support the conclusion that the items seized as a result of the search were admissible.

**[2]** Defendant also contends the court erred in allowing into evidence the confession made by defendant to Sheriff Dement on the evening of 1 February 1975. He argues that the defendant was under the influence of intoxicating beverages at the time the confession was made. The length of time which passed between the arrest and the interrogation of defendant, and Sheriff Dement's observation of defendant at the time of the interrogation, supports the conclusion "[t]hat the defendant was sober at 7:30 p.m. on February 1, 1975." Defendant was informed of his right to remain silent and his right to have counsel present when Dement questioned him. He stated that he understood his rights and he voluntarily, knowingly, and intelligently waived his rights before talking with Sheriff Dement. The court properly denied the defendant's motion to suppress the evidence obtained as a result of the search and his confession.

**[3]** Defendant assigns as error the action of the trial court "in providing the jury with memorandums placed in envelopes, the contents of which were not read in open court to the jury, nor read by the defendant nor counsel for the defendant."

In his charge Judge Godwin instructed the jury with regard to each of the offenses and the applicable lesser included

offenses. He also instructed them with regard to the essential elements of each offense they might consider. He then handed the jury sealed envelopes which he said contained memoranda on the essential elements of each offense. He instructed them to first consider the robbery charge and to open the envelope applicable to that charge. After reaching a verdict in that charge, they were to consider the offense of assault with a deadly weapon with intent to kill inflicting serious injury. While considering that offense, they were to open the applicable envelope containing the memorandum of the essential elements of the offense. If they found defendant not guilty of that offense, they were to consider, in descending order, the lesser included offenses of the assault charge. As they considered each lesser offense, they were to open the applicable envelope containing the memorandum of the essential elements of the crime being considered. Judge Godwin stated that the memoranda were to aid the jury in separating the different offenses to enable them to reach their verdict.

The defendant did not object to this procedure nor have copies of the memoranda been made a part of the record on appeal. Defendant has not shown prejudicial error. *See State v. Frank,* 284 N.C. 137, 200 S.E. 2d 169 (1973).

Defendant assigns as error the denial of his motion for judgment as of nonsuit. When the evidence is considered in the light most favorable to the State, it is sufficient to require submission of these cases to the jury and to support the verdicts. This assignment of error is overruled.

We have carefully examined defendant's other assignments of error and find them to be without merit.

The defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and ARNOLD concur.