## STATE v. GWYN

[103 N.C. App. 369 (1991)]

STATE OF NORTH CAROLINA v. RONALD LEE GWYN

No. 9017SC966

(Filed 2 July 1991)

**Automobiles and Other Vehicles § 833 (NCI4th); Searches and Seizures § 9 (NCI3d) — driving while impaired — illegal arrest in Virginia — motion to suppress evidence seized from person — denied**

The trial court did not err in a prosecution for driving while impaired by denying defendant's motion to suppress evidence seized from his person after an arrest in Virginia by a North Carolina Highway Patrolman. Defendant was driving in North Carolina when the officer signaled him to stop; since the officer did not know that defendant crossed the state line before stopping his truck, the officer's deviation in completing the arrest was neither extensive nor willful. An illegal arrest is not necessarily an unconstitutional arrest; defendant's expectation of privacy did not outweigh the officer's authority to stop his vehicle upon reliable grounds. N.C.G.S. § 15A-974(2).

**Am Jur 2d, Searches and Seizures §§ 39, 96.**

**Validity, in state criminal trial, of arrest without warrant by identified peace officer outside of jurisdiction, when not in fresh pursuit. 34 ALR4th 328.**

APPEAL by defendant from judgment entered 6 August 1990 by *Judge W. Douglas Albright* in SURRY County Superior Court. Heard in the Court of Appeals 9 April 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Hal F. Askins, for the State.*

*Theodore M. Molitoris for defendant appellant.*

PHILLIPS, Judge.

Reserving his right to appeal the denial of his motion to suppress evidence seized from his person after an arrest by a North Carolina Highway Patrolman inside the Commonwealth of Virginia, defendant pled guilty to driving while impaired in violation of G.S. 20-138.1. The evidence that defendant moved to suppress was the patrolman's detection of alcohol on his breath and the results of

a breathalyzer test given him by a Surry County Deputy Sheriff. In denying the motion the court found facts to the following effect:

On 15 April 1990 at about 4:30 p.m. North Carolina Highway Patrolman Tony Dudley received a call from the Surry County Sheriff's Department warning of a driver on Ward's Gap Road near the Virginia border who a deputy sheriff thought was impaired. The communication identified the driver as Ronald Lee Gwyn, a white male with sandy blond hair, described his vehicle as a red Ford pickup truck, and stated that the deputy had talked with Gwyn at a residence off Ward's Gap Road while investigating a domestic altercation and had warned him not to drive his vehicle off the premises because he appeared to be impaired. In an effort to intercept defendant another Surry County deputy sheriff was at the state line on Ward's Gap Road and Patrolman Dudley went to Parker Road, which is perpendicular to Ward's Gap Road and roughly parallel to the North Carolina-Virginia border, and stopped about 400 or 500 feet from the deputy sheriff at the entrance to Carrollwood Trailer Park. At about 4:45 p.m., as the red pickup truck driven by defendant on Parker Road approached him, Patrolman Dudley pulled his car in front of the truck and turned on his blue lights, and defendant turned his vehicle into the trailer park entrance and stopped approximately 250 feet from the roadway, just inside the State of Virginia. Patrolman Dudley smelled alcohol on defendant, arrested him for driving while impaired, and took him to the Surry County jail where the incriminating breathalyzer test was administered. Neither Patrolman Dudley nor the deputy who joined him in the trailer park knew that they were in Virginia and defendant, who had lived in the trailer park sometime earlier, did not tell them. A sign on Ward's Gap Road marked the Virginia border, but nothing on or near Parker Road in that vicinity indicated where the state line was.

From these findings, none of which are challenged by defendant, the court concluded that though defendant's arrest was illegal, in that the North Carolina Highway Patrolman had no authority to stop the defendant in the Commonwealth of Virginia, it did not violate either the state or federal constitution since the stop and arrest was based upon probable cause. Defendant argues that because the arrest was illegal the search incident to it violated the Fourth Amendment to the United States Constitution and Article 1, Section 20, of the North Carolina Constitution, and under the Fourth Amendment's exclusionary rule the evidence must be

suppressed. We do not agree. North Carolina's law of search and seizure and the requirements of the Fourth Amendment to the Constitution of the United States are the same. *State v. Hendricks*, 43 N.C.App. 245, 251, 258 S.E.2d 872, 877 (1979), *disc. review denied*, 299 N.C. 123, 262 S.E.2d 6 (1980). Under *Mapp v. Ohio*, 367 U.S. 643, 6 L.Ed.2d 1081 (1961), the test for suppressing evidence following an arrest is not the legality of the arrest, but whether the stop and search was unreasonable. Our Supreme Court has stated that an illegal arrest is not necessarily an unconstitutional arrest, *State v. Eubanks*, 283 N.C. 556, 196 S.E.2d 706 (1973), and in *State v. Mangum*, 30 N.C.App. 311, 226 S.E.2d 852 (1976), we held that the defendant's illegal arrest beyond the policeman's territorial jurisdiction did not render the seizure and search unreasonable since the patrolman had probable cause. No United States Supreme Court case addressing this specific issue has been found and defendant cites none.

The weight of authority in other jurisdictions seems to be that arrests beyond an officer's territorial jurisdiction are not unconstitutional. "There is nothing in the Constitution or laws of the United States exempting an offender, brought before the courts of a state for an offense against its laws, from trial and punishment, even though he was brought from another state by unlawful violence or abuse of legal process." 22 C.J.S. *Criminal Law* Sec. 170 (1989). "[A] court will not inquire into the manner in which accused is brought before it, the fact that accused has been illegally arrested . . . or without legal authority does not oust the jurisdiction of this court." *Id.* G.S. 15A-974(2) requires that evidence obtained be excluded where a substantial violation of our Criminal Procedure Act occurs, and in ruling on suppression motions thereunder the court must consider *inter alia*: "The importance of the particular interest violated; . . . [t]he extent of the deviation from lawful conduct; . . . [t]he extent to which the violation was willful; . . . [t]he extent to which exclusion will tend to deter future violations." G.S. 15A-974(2). In this instance, the court's evaluation of the factors stated met the statutory requirements. The interest violated, according to defendant, was his "reasonable expectation of privacy in himself and the automobile he owns." This interest did not outweigh the officer's authority to stop his vehicle upon reliable grounds, and defendant was driving in North Carolina and potentially was a menace to public safety when Patrolman Dudley signaled him to stop. And since the officer did not know that defend-

ant crossed the state line before stopping his truck, the officer's deviation in completing the arrest was neither extensive nor willful.

No error.

Judges PARKER and GREENE concur.