**UNITED STATES of America, Plaintiff,**

**v.**

**Gary FOWLER, Defendant.**

**No. 1:04 CR 38 JTG.**

United States District Court, D. Utah, Central Division.

June 21, 2005.

Vernon G. Stejskal, Drug Enforcement Administration Metropolitan Narcotics Task Force, Salt Lake City, UT, for Plaintiff.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter is before the Court on defendant's Motion to Suppress. An evidentiary hearing was conducted, after which a transcript of that proceeding was made available for both parties, full briefs were filed and the matter was extensively argued, submitted for decision and taken under advisement. Being fully advised, and after due consideration, the Court enters its Memorandum Decision and Order.

Defendant seeks to suppress evidence (a large quantity of methamphetamine) obtained from his vehicle after a traffic stop. Trooper Alexander stopped defendant's vehicle (a 1998 Audi A6) after observing what he believed was a malfunctioning brake light. The light did not turn off when the brake was deactivated, and was continually on regardless of the application of the brake. Other brake lights worked properly, turning on and off upon application and release of the vehicle brakes.

## ANALYSIS

■■■ "A traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring." *United States v. Botero–Ospina,* 71 F.3d 783, 787 (10th Cir.1995). Additionally, "[t]he government bears the burden of proving the reasonableness of the officers' suspicion." *United States v. Salzano,* 158 F.3d 1107, 1111 (10th Cir.1998). Moreover,

> [a] traffic stop based on an officer's incorrect but reasonable assessment of facts does not violate the Fourth Amendment. Thus, if an officer makes a traffic stop based on a mistake of fact, the only question is whether his mistake of fact is reasonable. Great deference is given to the judgment of trained law enforcement officers on the scene.

*United States v. Chanthasouxat,* 342 F.3d 1271, 1277 (11th Cir.2003).

■■■ Reasonable suspicion is a particularized and objective basis for suspecting the person stopped to be in violation of a traffic law. *United States v. Tibbetts,* 396 F.3d 1132, 1138 (10th Cir.2005) (quoting *United States v. Cortez,* 449 U.S. 411, 417–418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). In *Tibbetts,* a Trooper pulled the defendant over for alleged violations of Utah law, including driving with mudguards that

did not fully cover the tires. 396 F.3d at 1135. The district court determined that there was no evidence in the record to support a finding that the mudflap provision was violated, and that the trooper's "reasonable articulable suspicion regarding the mudflap violation was nullified because of his failure to address the issue with [defendant]." On remand, the circuit court stated that "the district court must determine whether [the officer] had reasonable suspicion of a violation, not whether there was actually a violation." *Id.* at 1137. The court further stated that the district court, "must determine whether [the officer] had a reasonable articulable suspicion of a violation of Utah's 'mudflap' law in light of the facts as [the officer] observed them, or whether [the officer] simply misunderstood the law." *Id.* The court noted that, "an officer's mistake of fact, as distinguished from a mistake of law, may support probable cause or reasonable suspicion necessary to justify a traffic stop." *Id.* at 1138. By contrast, "[f]ailure to understand the law by the very person charged with enforcing it is not objectively reasonable." *Id.*

■■■ In the case at bar, the Court determines that Trooper Alexander had a reasonable suspicion and an objectively reasonable good faith belief that the light in question was a brake light. The Trooper had objective justification to suspect that the light violated the traffic law because it did not respond to application of the brakes. The Court determines that the Trooper's belief was objectively reasonable, as measured by what a reasonable enforcement officer would have determined at the time the stop was made. After the stop was made, it became clear that the Trooper was in error because the light in question was a fog light and not a brake light. Trooper Alexander could not articulate the exact law which requires an

additional brake light or lights (additional to at least two brake lights which operate correctly) also to be activated and deactivated upon application of the vehicle's brakes. Trooper Alexander was certain that the traffic laws require all lights which are intended as brake lights to work properly and respond to the application of the brakes. At the time of the stop the Trooper mistakenly articulated a belief that this was governed by Utah statutes relating to taillight and brake light violations. However, it was made clear at the evidentiary hearing that these statutes do not apply.[1]

It was also made clear at the evidentiary hearing that a federal traffic law which is incorporated into state law mandates the very thing the Trooper had relied upon as the governing law relative to brake lights. That law provides: "The stop lamps on each vehicle shall be activated upon application of the service brakes." 49 C.F.R. § 571.108.

■ Tenth Circuit law provides that a trooper's observations' need only articulate a basis for a *suspicion* that a traffic violation might have been occurring. *United States v. Vercher*, 358 F.3d 1257, 1262 (10th Cir.2004). The *Vercher* court stated: "Reasonable suspicion may be supported by an 'objectively reasonable' good faith belief even if premised on factual error," and "that the facts may not support a conclusion that [defendant] actually violated the law is irrelevant." *Id.* at 1261, 1263.

This is not a "mistake of law" case because the Trooper was correct in his determination that an applicable traffic law had been violated under his good faith, albeit mistaken, conception of the facts. This is so even though the Trooper could not specify or articulate at the time of the stop the exact traffic law which he believed had been violated. Trooper Alexander was mistaken as to what law had been violated, but he was correct in his conception that there was in effect an applicable traffic law which prohibited what he reasonably believed was a malfunctioning brake light.

At the time the stop was made Trooper Alexander did not know that the light in question was a fog light. He thought that the light was a brake light or taillight. Whether it was reasonable for him to think so is another question entirely. This Court determines from the totality of evidence, including evidence presented at the hearing, that it was reasonable.

At the time of the stop, Trooper Alexander and the defendant went to the rear of the vehicle to observe the light which the Trooper believed to be a malfunctioning taillight. The trooper said to the defendant:

Trooper You got a light, one of your brake lights on your back stays on continuously.

Fowler It stays on?

Trooper Yea, there are like four lights, either that or one is burned out, and is supposed to be brighter, I don't know. Come back here and I'll show you. (inaudible)

---

1. Trooper Alexander has referred to state statute U.C.A. § 41–6–120 (2004) to justify the stop. The Utah "tail lamp" statute, U.C.A. § 41–6–120 (emphasis added), provides:

   (a) Every motor vehicle, trailer, semitrailer and pole trailer, and any other vehicle which is being drawn at the end of a combination of vehicles, *shall be equipped with at*

*least two tail lamps mounted on the rear,* which shall comply with regulations issued by the department ...

At the evidentiary hearing, the evidence presented clearly showed that defendant's car complied with the requirement of two operating tail lamps mounted on the rear, and that there was no violation of that law.

Trooper See that. Look at that one.

Fowler Oh yea, big difference.
(inaudible)

Fowler Since I have my two outside ones . . .

Trooper Required.

Fowler though.

Trooper Required. Yea, required. If it has four lights on it all four have to work. It has to be kept in the condition the manufacturer specified when it rolled off the assembly line.

Fowler Alright.

(Evid. Hrg Defendant Exhibit B, video tape.) At the evidentiary hearing, Trooper Alexander testified as to why defendant's vehicle was pulled over. He stated:

The vehicle had a brake light on that remained on at all times in the center of the vehicle. When you would apply your brakes, the left and right lights would light up and be as bright as that center brake light. When you put off the brakes, the center light remained as bright as the normal brake light and the other two would return to the normal driving lights.

(Evid. Hrg Tr. at 6–7.) On cross examination, the Trooper testified:

I believe[d] it was a brake light that was not functioning properly. It was on the entire time. . . . There was a defective brake light that remained on and I was aware that was a violation of the law.

(Evid. Hrg Tr. at 27:14–14 and 28:23–24.)

Trooper Alexander stated that the left and right brake lights, as well as the high center brake light, on defendant's vehicle would come on and off in an appropriate manner, but that defendant's vehicle had an additional brake light, which was apparently meant to be a working brake light, but which did not work properly. (Evid. Tr. at 17 and 22). Trooper Alexander's position was that a vehicle may have more than two brake lights, but that if so the traffic law requires that all must be working properly. In this regard, Trooper Alexander further testified that he "believe[d] [the light in question] was a brake light that was not functioning properly," because "[i]t was on the entire time." (Evid. Tr. at 27).

Based upon the foregoing, the court concludes that the police officer had a reasonable articulable suspicion that an equipment violation had occurred or was occurring in the vehicle in question, and that the stop was justified. Accordingly, it is hereby

ORDERED, that defendant's Motion to Suppress because of an alleged illegal stop is DENIED.