STATE OF NORTH CAROLINA v. ANGELA LOGNER

No. COA00-1262

(Filed 28 December 2001)

### 1. Arrest— warrantless—probable cause

An individual was placed under arrest by an officer prior to the search of defendant's vehicle, and the arrest was lawful because the circumstances leading up to the arrest were sufficient to warrant a prudent person to believe that the individual had committed an offense, where the officer first saw the individual in a second vehicle and observed what appeared to be drugs on the floor of that vehicle; the officer knew there were outstanding warrants for the arrest of the driver of the second vehicle; the individual tried to distract the officer to give her companion an opportunity to escape; the officer then saw the individual get into the back seat of defendant's vehicle, which atempted to leave the scene; the officer then removed the individual from defendant's vehicle and placed her in a marked patrol car; and the officer testified that she intended by these actions to place the individual under arrest.

### 2. Search and Seizure— automobile—drugs—motion to suppress—search incident to lawful arrest

The trial court did not err in a possession of cocaine and possession of drug paraphernalia case by denying defendant's motion to suppress all evidence obtained from a warrantless search of defendant's automobile after an individual was removed from the automobile, because the individual was an occupant of defendant's automobile and the search of that automobile was incident to her lawful arrest.

Appeal by defendant from judgment entered 13 May 1999 by Judge Orlando F. Hudson in Durham County Superior Court. Heard in the Court of Appeals 8 October 2001.

*Attorney General Roy Cooper, by Special Deputy Attorney General Charles J. Murray, for the State.*

*H. Wood Vann, for defendant-appellant.*

STATE v. LOGNER

[148 N.C. App. 135 (2001)]

CAMPBELL, Judge.

Defendant appeals from a judgment sentencing her to prison for possession of cocaine, possession of drug paraphernalia, and for being a habitual felon. We affirm.

At approximately five o'clock on the morning of 29 May 1998, four Durham police officers were dispatched to a disturbance on Guthrie Avenue in Durham, North Carolina. Upon arrival, Officer Laura Clayton ("Officer Clayton") noticed two vehicles parked one behind the other. Timothy Gurley ("Gurley") was in the driver's seat and Pam Parker ("Parker") was in the front passenger's seat of one of the vehicles ("vehicle one"). Defendant was in the driver's seat and her cousin, Tracy Logner (who is not involved in this action), was in the front passenger's seat of the second vehicle ("vehicle two"). Officer Clayton shined her flashlight into vehicle one and saw a tan, rock-like substance on the floorboard, which she believed to be an illegal substance. Officer Clayton also immediately recognized Gurley and knew that there were outstanding warrants for his arrest.

Gurley and Parker were both asked to exit vehicle one while defendant and her cousin remained in vehicle two. After exiting vehicle one, Parker began yelling at Officer Clayton in an attempt to "distract" her. At that time, Gurley began fighting one of the officers before breaking away and running from the officer. As all the officers started chasing him, Officer Clayton realized that she had not secured the suspicious substance in vehicle one. When the officer turned around to retrieve the suspicious substance, she saw Parker get into the rear passenger seat of defendant's vehicle (vehicle two).

Defendant attempted to pull off in vehicle two, but Officer Clayton stopped the vehicle before it left the scene. She removed Parker from the back seat and took her to a marked patrol car. After securing Parker in the patrol car, Officer Clayton asked if she could search defendant's vehicle. Defendant refused to grant permission for the search. Nevertheless, Officer Clayton and another officer searched the passenger compartment of defendant's vehicle. The officers found a rock of crack cocaine and a black film canister with cocaine residue in the vehicle's back seat. They also found two crack pipes under the floor mats of both the driver's seat and front passenger's seat, as well as a filter used in crack pipes between the driver's seat and the driver's door.

Defendant was indicted on 29 May 1998 for possession of cocaine and possession of drug paraphernalia. Defendant was also indicted

for being a habitual felon because, prior to the present case, defendant had been convicted of attempted common law robbery on 6 November 1991 and possession of a controlled substance on both 5 November 1996 and 21 February 1997. She waived her *Miranda* rights and signed a statement admitting the cocaine and drug paraphernalia were hers, but stating that her cousin had no knowledge of what was in the vehicle.

On 14 January 1999, defendant filed a motion to suppress, accompanied by a supporting affidavit, all the evidence obtained during the search of her vehicle on 29 May 1998. Defendant argued that the search was illegal and in violation of her rights under both the United States and North Carolina Constitutions. (Defendant also filed a motion *in limine* on 11 February 1999 to prohibit the State from entering into evidence her signed admission statement, and defendant rejected a plea arrangement from the State on 18 February 1999.) The motion to suppress was later denied on 11 May 1999 after an evidentiary hearing before Judge Orlando F. Hudson ("Judge Hudson").

On 13 May 1999, Judge Hudson presided over defendant's trial in the Durham County Superior Court. A jury returned guilty verdicts on all charges, and defendant was sentenced to a prison term of 112 to 144 months. Defendant appeals this judgment.

New counsel was appointed to handle defendant's appeal of the guilty verdicts. The new counsel also filed a motion for appropriate relief on 18 May 1999 asking the court to set aside defendant's sentence and grant a new sentencing hearing because her previous counsel did not introduce testimonial evidence that would support the finding of mitigating factors. Judge Hudson heard this motion on 17 April 2000 and granted it. After a resentencing hearing, defendant's sentence was amended to a prison term of 80 to 105 months.

Defendant's numerous assignments of error all essentially argue that the trial court's verdict should be set aside and a new trial ordered because the court improperly denied defendant's motion to suppress all the evidence obtained from the unlawful search and seizure of defendant's vehicle after Parker was removed from the vehicle. "[T]he standard of review in evaluating a trial court's ruling on a motion to suppress is that the trial court's findings of fact 'are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting.' " *State v. Buchanan*, 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001) (quoting *State v. Brewington*, 352 N.C. 489,

498, 532 S.E.2d 496, 501 (2000) (citations omitted), *cert. denied,* *Brewington v. North Carolina,* 531 U.S. 1165, 148 L. Ed. 2d 992 (2001)). Thus, we must not disturb the trial court's conclusions if they are supported by the court's factual findings. *State v. Cooke,* 306 N.C. 132, 291 S.E.2d 618 (1982).

Based on defendant's assigned errors, the major issue before this Court on appeal is whether the search and seizure was lawful. However, in order to address this issue we must determine: (I) whether Parker was lawfully arrested prior to the vehicle search and (II) whether she was an occupant of defendant's vehicle at the time of her arrest. We find that the trial court properly denied the motion to suppress because Parker was an occupant of defendant's vehicle and the search of that vehicle was incident to her arrest.

I.

[1] First, we address whether Parker was lawfully under arrest prior to the search of defendant's vehicle. "The test for determining whether an individual is in custody or under arrest is whether, under the totality of the circumstances, the 'suspect's freedom of action is curtailed to a degree associated with formal arrest.' " *Park v. Shiflett,* 250 F.3d 843, 850 (4th Cir. 2001) (quoting *Berkemer v. McCarty,* 468 U.S. 420, 440, 82 L. Ed. 2d 317, 335 (1984)). Our courts have further held that the subjective intent of the arresting officer can provide "some evidence that the action taken was an arrest—but in and of itself it is not controlling." *United States v. Perate,* 719 F.2d 706, 709 (4th Cir. 1983) (citing *Taylor v. Arizona,* 471 F.2d 848, 851 (9th Cir. 1972), *cert. denied,* 409 U.S. 1130, 35 L. Ed. 2d 262 (1973)). Finally, in order to make a lawful arrest the officer must determine whether at the moment the arrest was made "the facts and circumstances within [the officer's] knowledge and of which [the officer] had reasonably trustworthy information [were] sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91, 13 L. Ed. 2d 142, 145 (1964) (citations omitted).

In the case *sub judice,* the trial court had competent evidence to support its finding that Parker was placed under arrest by Officer Clayton prior to the search of defendant's vehicle. The evidence showed that Officer Clayton first saw Parker in vehicle one, which appeared to have drugs on the floorboard. Next, Parker tried to distract the officer to give Gurley an opportunity to escape. Officer

Clayton then saw Parker get into defendant's vehicle and attempt to leave the scene. The officer removed Parker and secured her in the back seat of a marked patrol car. Although she did not directly tell Parker she was being placed under arrest at that time, Officer Clayton testified that it was her intention, by these actions, to place Parker under arrest. Based on this evidence, including the subjective intent of the officer, the trial court properly made findings of fact which supported the conclusion that Parker was under arrest prior to the search and seizure. Furthermore, the arrest was lawful because the facts and circumstances leading up to the arrest were sufficient to warrant a prudent person to believe that Parker had committed an offense.

## II.

[2] Second, we address whether the trial court had competent evidence to support its finding that Parker was an occupant of defendant's vehicle, thus allowing the vehicle to be searched incident to Parker's arrest. We hold that it did.

Generally, warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment of the United States Constitution. *See State v. Coplen*, 138 N.C. App. 48, 530 S.E.2d 313, *cert. denied*, 352 N.C. 677, 545 S.E.2d 438 (2000). However, a well-recognized exception to the warrant requirement is a search incident to a lawful arrest. *Chimel v. California*, 395 U.S. 752, 23 L. Ed. 2d 685 (1969). Under this exception, if the search is incident to a lawful arrest, an officer may "conduct a warrantless search of the arrestee's person and the area within the arrestee's immediate control." *State v. Thomas*, 81 N.C. App. 200, 210, 343 S.E.2d 588, 594 (1986).

*New York v. Belton*, 453 U.S. 454, 69 L. Ed. 2d 768 (1981), extended a search incident to a lawful arrest to vehicles. In *Belton*, the United States Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id.* at 460, 69 L. Ed. 2d at 775. It is now well established that a passenger compartment search may consist of "the entire interior of the vehicle, including the glove compartment, the console, or any other compartment, whether locked or unlocked, and all containers found within the interior." *State v. Brooks*, 337 N.C. 132, 144, 446 S.E.2d 579, 587 (1994) (citing *New York v. Belton*, 453 U.S. 454, 69 L. Ed. 2d 768 (1981)).

STATE v. LOGNER

[148 N.C. App. 135 (2001)]

Our case law provides no clear definition of "occupant" with respect to a vehicle search incident to an arrest. However, of those jurisdictions that have defined "occupant," many have interpreted *Belton* to hold that an arrestee is an occupant of a vehicle if the police arrest or make initial contact with the defendant while the defendant is inside the vehicle. *See United States v. Strahan*, 984 F.2d 155 (6th Cir. 1993) (*Belton* applies only where officers initiate contact while defendant is in the vehicle); *Lewis v. United States*, 632 A.2d 383 (D.C. 1993) (*Belton* limited to situations where officers confront or at least initiate confrontation while defendant is occupying the vehicle). Some jurisdictions have further extended *Belton* to hold that one can be an occupant even if an officer does not arrest or make initial contact with the person while he or she is physically inside the vehicle. *See United States v. Schecter*, 717 F.2d 864 (3rd Cir. 1983) (*Belton* applied to intoxicated defendant stumbling about outside the vehicle); *State v. McLendon*, 490 So.2d 1308 (Fla. Dist. Ct. App. 1986) (extended *Belton* to justify a search where a driver was arrested twenty to thirty feet away from the vehicle).

Based on the facts in the present case, we find no need to consider those authorities that broadly interpret *Belton* because there is competent evidence to support the trial court's finding that Parker was physically inside defendant's vehicle. As stated earlier, the evidence showed that Officer Clayton saw Parker get into defendant's vehicle and attempt to leave the scene. The officer's removal of Parker from that vehicle and then placing her inside the patrol car signified her arrest. The subsequent search of defendant's vehicle was incident to Parker's arrest. Thus, the officers were lawfully entitled to conduct a warrantless search of defendant's vehicle and seize the cocaine and drug paraphernalia found within.

For the aforementioned reasons, we find that the trial court properly admitted evidence obtained from the lawful search and seizure of defendant's vehicle after Parker's arrest.

No error.

Chief Judge EAGLES and Judge HUDSON concur.