WYNN, Judge.
Defendant Jose Luis Garza appeals from judgments of the trial court entered upon jury verdicts finding him guilty of trafficking in cocaine by delivery and possession. Defendant contends the trial court erred in denying his motion to suppress. For the reasons stated herein, we find no error by the trial court.
The evidence at trial tended to show that in April 2002 officers of the Raleigh Police Department investigated a suspected drug dealer named Thurmon "Sonny" Herndon. Detective Norris Quick and Sergeant Brad Kennon received information from an informant, Ron Braswell, that Herndon was an upper-level cocaine dealer in Raleigh, and that he had a "Mexican source." Braswell conducted a controlled buy of cocaine from Herndon that police officerselectronically monitored. Braswell also provided the police officers with a description of one of Defendant's cars, a red Trans Am with a thirty-day tag.
On 17 April 2002, Herndon purchased four kilograms of cocaine from Defendant but later returned two kilograms and placed the remaining two kilograms in a toolbox at a storage unit. Thereafter, Ricky Congleton, driving Herndon's Ford Escort, met Herndon at the storage unit. Congleton waited in the car while Herndon went into the storage unit. Afterwards, the two left in separate cars, met for lunch, went to Herndon's residence, left Herndon's residence in the Ford Escort with Congleton driving, and stopped at a job site upon seeing a suspicious car. Upon leaving the job site, Herndon made a pay phone call and directed Congleton to take him back to the storage unit where he retrieved a black toolbox. Herndon instructed Congleton to drive to Defendant's residence, located in a mobile home park. When they arrived at Defendant's residence, Congleton waited in the car while Herndon carried the toolbox to the mobile home. After another brief stop, the two returned to the storage unit.
The officers began following Herndon and Congleton at this point. After suspecting police officers were following their car, Congleton sped up, attempting to evade the officers. At this point, Herndon began throwing bags of white powder, which was later confirmed to be cocaine, out of the window onto the street. A short time later, the officers arrested Congleton and Herndon. Thereafter, the officers obtained and executed a warrant to search Herndon's residence. At this point, Congleton who was on work release from prison stemming from drug trafficking charges, agreed to cooperate with the officers. He directed Detectives Kennon and Carswell to Defendant's residence stating Herndon left the toolbox there. There were no notes made of this interview as it occurred while the three were en route to Defendant's residence at 5012 Sunnyfield Drive.
Detective Carswell obtained a search warrant for Defendant's residence based upon information provided by Braswell and Congleton, and the corroboration of the surveillance. Upon executing the warrant early on 18 April 2002, police officers seized a large quantity of cocaine located in a toolbox under Defendant's trailer.
A jury convicted Defendant of trafficking in cocaine by delivery and trafficking in cocaine by possession. The trial court sentenced Defendant to consecutive sentences of 175 to 219 months. Defendant appealed.
On appeal, Defendant contends that the trial court erred in denying his motion to suppress, arguing that the affidavit supporting probable cause for the warrant contained false statements and Detective Carswell made the affidavit in bad faith. We affirm the trial court's denial of Defendant's motion.
Defendant also made five other assignments of error, but then failed to argue them in his brief. The remaining five assignmentsof error are taken as abandoned. N.C. R. App. P. 28(a) and (b)(6). The standard of review in evaluating a trial court's ruling on a motion to suppress is that the trial court's findings of fact are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting. State v. Smith, 160 N.C. App. 107, 114, 584 S.E.2d 830, 835 (2003). If the trial court's conclusions of law are supported by its factual findings, we will not disturb those conclusions. State v. Logner, 148 N.C. App. 135, 138, 557 S.E.2d 191, 193-94 (2001).
There is a presumption of validity with respect to the affidavit supporting a search warrant. State v. Fernandez, 346 N.C. 1, 14, 484 S.E.2d 350, 358 (1997). A defendant nonetheless may challenge the truthfulness of the testimony showing probable cause and thereby challenge the validity of the warrant. Id. at 13-14, 484 S.E.2d at 358. This opportunity is expressly provided by section 15A-978(a) of the North Carolina General Statutes, which defines truthful testimony as "testimony which reports in good faith the circumstances relied on to establish probable cause." N.C. Gen. Stat. § 15A-978(a) (2003). Truthful does not mean that every fact recited in the affidavit is correct, rather "truthful" means "that the information put forth is believed or appropriately accepted by the affiant as true." Franks v. Delaware, 438 U.S. 154, 165, 57 L. Ed. 2d 667, 678 (1978). In North Carolina to grant a motion to suppress based on falsity in the affidavit, "the evidence must establish facts from which the finder of fact might conclude that the affiant alleged the facts in bad faith."Fernandez, 346 N.C. at 14, 484 S.E.2d at 358; see also State v. Steen, 352 N.C. 227, 243-44, 536 S.E.2d 1, 11 (2000).
Defendant contends that Detective Carswell's failure to state in the affidavit that he paraphrased or interpreted Congleton's statements amounted to bad faith. Defendant argues that on cross-examination, Congleton denied making the following statement that appeared in the affidavit: "Congleton witnessed Herndon meet with [a] Hispanic male at 5012 Sunnyfield Drive and transfer the quantity of cocaine." While Congleton denied making this statement, Sergeant Keenon testified that in his and Carswell's presence, Congleton stated that Herndon took the toolbox into Defendant's residence and did not return with the box. When asked if Herndon's "stash" was located in the toolbox, Congleton answered "Yes." Detective Carswell clearly summarized a conversation into one sentence. Carswell's use of the word cocaine instead of "stash" did not amount to bad faith. As a result of his experience investigating drug crimes he could conclude that "stash" is a slang term for drugs. Other statements that are included in the affidavit that Congleton denies specifically making follow the same logic. Detective Carswell summarized a conversation with Congleton into a few sentences. Much of the time Congleton responded yes or no to specific questions. Summarization of a witness's statements does not amount to knowingly or recklessly including false information in an affidavit. Fernandez, 346 N.C. at 14, 484 S.E.2d at 358; see also State v. Barnes, 333 N.C. 666, 676, 430 S.E.2d 223, 228 (1993) (affidavit not found to be in badfaith when officer gave different descriptions of items than given by witnesses). There is no evidence that Detective Carswell alleged the facts in the affidavit not believing them to be true. Fernandez, 346 N.C. at 13, 484 S.E.2d at 358. Therefore, we hold that the record shows that Detective Carswell did not allege the facts in the affidavit in bad faith. Accordingly, we affirm the conclusions of the trial court.
Affirmed.
Chief Judge MARTIN and Judge McGEE concur.
Report per Rule 30(e).