STATE OF NORTH CAROLINA
v.
TARINA MARIE SPARKS, Defendant.
No. COA06-1527
Court of Appeals of North Carolina.
Filed November 6, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General William B. Crumpler, for the State.
Paul F. Herzog for defendant-appellee.
BRYANT, Judge.
The State appeals from an order entered 8 June 2006 granting Tarina Marie Sparks' (defendant) motion to suppress evidence. For the reasons stated herein, we affirm the order of the trial court.

Facts and Procedural History
On 21 June 2004 defendant was indicted by the Grand Jury of Davidson County for possession of methamphetamine, a Schedule II controlled substance, with intent to sell or deliver. Defendant filed several pretrial motions to suppress, by which she sought suppression of physical evidence seized during this incident and of statements she made to the police. These motions came on for hearing at the 30 May 2006 Criminal Session of the Superior Court of Davidson County, the Honorable Christopher M. Collier, Judge presiding.
At the hearing on defendant's motions to suppress, the State's evidence tended to show the following: On 10 May 2004, Officer James McClanathan of the Thomasville Police Department was on patrol duty during the night shift. Around midnight, he observed a Honda vehicle running through a stop sign, and he stopped the vehicle. Officer McClanathan approached the vehicle and observed that defendant was the driver. He asked defendant for her driver's license and registration, and subsequently learned through communications that defendant's driver's license was suspended.
Officer McClanathan testified he placed defendant under arrest for driving while her license was suspended and took her to his patrol car. Shortly thereafter, Officer Teresa Hicks of the Davidson County Sheriff's Department, arrived and searched defendant. Officer Hicks found a plastic baggie containing a white substance in defendant's front jeans pocket and placed her in the back of Officer McClanathan's patrol car. After the discovery of the white substance on defendant, Officer McClanathan searched her vehicle and found two plastic baggies containing a white powdery substance and five pills.
Defendant was subsequently apprised of her Miranda rights and transported to the Thomasville Police Department for processing. Officer McClanathan eventually took defendant before a magistrate for purposes of charging her with felony and misdemeanor drug offenses. Defendant was charged in a magistrate's order with possession of methamphetamine with intent to sell and deliver and with the misdemeanor of simple possession of collapen, a Schedule IV controlled substance. Officer McClanathan also issued a uniform citation to defendant at 4:14 a.m., charging her with operating a motor vehicle on a street without being licensed as a driver, pursuant to N.C. Gen. Stat. § 20-7(a).
In an order entered 8 June 2006, the trial court ordered suppression of any items seized pursuant to the search of defendant's vehicle and any statement resulting from, or flowing from, the search of the vehicle. The State appeals.

Appellate Jurisdiction
It is well established that "[a]n order . . . granting a motion to suppress prior to trial is appealable . . . prior to trial upon certificate by the prosecutor to the judge who granted the motion that the appeal is not taken for the purpose of delay and that the evidence is essential to the case." N.C. Gen. Stat. § 15A-979(c) (2005); see also State v. Judd, 128 N.C. App. 328, 329, 494 S.E.2d 605, 606 (1998). "The burden is on the State to show that it has the right to appeal and has appealed in accordance with the requirements of the statute." Judd, 128 N.C. App. at 329, 494 S.E.2d at 606. While the State has included a document in the record on appeal which purports to provide the certification required under N.C.G.S. § 15A-979(c), the document is neither dated nor file stamped by the trial court. The State has therefore failed to show it has provided the requisite certification to the trial court, and this Court is without jurisdiction over the appeal. Id.
Realizing the jurisdictional problem, the State has filed a Petition for Writ of Certiorari with this Court to review the trial court's order granting defendant's motion to suppress. Review by this Court pursuant to a writ of certiorari is governed by Rule 21 of the North Carolina Rules of Appellate Procedure. Pursuant to Rule 21, this Court is limited to issuing a writ of certiorari:
"to permit review of the judgments and orders of trial tribunals when [1] the right to prosecute an appeal has been lost by failure to take timely action, or [2] when no right of appeal from an interlocutory order exists, or [3] for review pursuant to G.S. 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief."
State v. Pimental, 153 N.C. App. 69, 76-77, 568 S.E.2d 867, 872 (quoting N.C. R. App. P. 21(a)(1)), disc. review denied, 356 N.C. 442, 573 S.E.2d 163 (2002). We deem the State's failure to properly file the certification required pursuant to N.C.G.S. § 15A-979(c) to be an instance where the right to prosecute an appeal has been lost by failure to take timely action, and therefore grant the State's Petition for Writ of Certiorari.

Motion to Dismiss Appeal
We next address defendant's motion to dismiss the State's appeal for violations of the North Carolina Rules of Appellate Procedure. Defendant contends the State's assignments of error are in direct violation of the North Carolina Rules of Appellate Procedure and subject to dismissal in that they do not "state plainly, concisely, and without argumentation the legal basis upon which error is assigned." N.C. R. App. P. 10(c)(1); see also Walker v. Walker, 174 N.C. App. 778, 781, 624 S.E.2d 639, 641 (2005) ("[A]ssignments of error [that are] . . . broad, vague and unspecific do not comply with the North Carolina Rules of Appellate Procedure.") However, as our Supreme Court recently held, "every violation of the rules does not require dismissal of the appeal or the issue[.]" State v. Hart, 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007). While the State's assignments of error may not be in strict technical compliance with Rule 10(c)(1), the assignments of error do not prevent this Court or defendant "from a full understanding of the issues at hand, nor [do they] obstruct the process of this appeal." State v. Burke, __ N.C. App. __, __, 648 S.E.2d 256, 258 (2007). We therefore deny defendant's motion to dismiss and reach the merits of the State's appeal.
On appeal, the State presents the issues of whether: (I) the trial court's findings of fact are supported by competent evidence; (II) the trial court's conclusions of law are supported by its findings of fact; and (III) the trial court erred in suppressing evidence seized from defendant's vehicle and defendant's statements to the police.

Standard of Review
"Generally, an appellate court's review of a trial court's order on a motion to suppress `is strictly limited to a determination of whether its findings are supported by competent evidence, and in turn, whether the findings support the trial court's ultimate conclusion.'" State v. Roberson, 163 N.C. App. 129, 132, 592 S.E.2d 733, 735 (quoting State v. Allison, 148 N.C. App. 702, 704, 559 S.E.2d 828, 829 (2002)), disc. review denied, 358 N.C. 240, 594 S.E.2d 199 (2004).
This deference is afforded the trial judge because he is in the best position to weigh the evidence, given that he has heard all of the testimony and observed the demeanor of the witnesses. . . . [W]here the evidence is conflicting, . . . the judge must resolve the conflict. He sees the witnesses, observes their demeanor as they testify and by reason of his more favorable position, he is given the responsibility of discovering the truth. The appellate court is much less favored because it sees only a cold, written record.
State v. Hughes, 353 N.C. 200, 207-08, 539 S.E.2d 625, 631 (2000) (internal citations and quotations omitted). Where the trial court's findings of fact have not been made the subject of an assignment of error, those findings are conclusive and binding on appeal. State v. Jacobs, 162 N.C. App. 251, 254, 590 S.E.2d 437, 440 (2004). "The trial court's conclusions of law, however, are fully reviewable on appeal." Hughes, 353 N.C. at 208, 539 S.E.2d at 631.

I
The State first argues the trial court erred in making several of its findings of fact. We disagree.
In its Order granting defendant's motion to suppress, the trial court made findings of fact numbered twelve, twenty-four, and twenty-eight through thirty-eight, which are challenged on appeal:
12. Officer J. McClanathan testified that he then placed the defendant under arrest for Driving While License Revoked.
. . .
24. Officer J. McClanathan used his "arrest" of the defendant for Driving While License Revoked to justify a search incident to the arrest of the defendant's person and the vehicle.
. . .
28. Officer J. McClanathan, by his own testimony, transported the defendant to the Magistrate's Office for processing on the drug charges, not for processing on the driving charges.
29. First, the defendant was not charged with Driving While License Revoked. She was instead actually charged with Driving a Vehicle Without an Operator's License.
30. The defendant was charged with Driving a Vehicle Without an Operator's License only by virtue of a citation, not a Magistrate's Order.
31. Also, the records and evidence admitted before the Court show that a release order was generated for the defendant, but this release order does not contain any reference to the charge of Driving While License Revoked, Driving a Vehicle Without an Operator's License or Failure to Stop for a Stop Sign.
32. The uncontradicted evidence shows that the citation issued to the defendant was not written until several hours after the search, at approximately 4:14 a.m., and was for the offense of Driving a Vehicle Without an Operator's License.
33. The uncontradicted evidence shows that the citation issued to the defendant was not converted to a Magistrate's Order by virtue of the magistrate signing the order and making a determination of probable cause.
34. Officer J. McClanathan acknowledged in his testimony that the magistrate did not sign this citation, and that he did not request the magistrate to sign this citation.
35. Officer J. McClanathan acknowledged in his testimony that the defendant did not receive a release order for Driving While License Revoked, Driving a Vehicle Without an Operator's License or Failure to Stop for a Stop Sign.
36. The magistrate did not issue a release order for the charge of Driving While License Revoked, Driving a Vehicle Without an Operator's License or Failure to Stop for a Stop Sign.
37. Officer J. McClanathan acknowledged in his testimony that he did not issue the citation to the defendant for Driving a Vehicle Without an Operator's License until approximately 4:14 a.m., almost four hours after the search.
38. No other justification for the search has been given.
We first note that the State does not challenge the evidentiary basis for the trial court's findings of fact numbered twenty-nine through thirty-seven. Rather, the State merely states these findings of fact "have no bearing on the validity of the arrest or the ensuing searches." As the State does not challenge whether findings of fact numbered twenty-nine through thirty-seven are supported by competent evidence, we deem these assignments of error abandoned. N.C. R. App. P. 28(b)(6) ("Assignments of error . . . in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").
Competent evidence exists to support each of the remaining challenged findings of fact. Officer McClanathan did testify that he placed defendant under arrest for the offense of Driving While License Suspended and used this arrest to justify a search incident to the arrest of defendant and her vehicle. Officer McClanathan also testified that he did not take defendant before a Magistrate on any charges other than the felony drug charges, nor did the magistrate sign the citation issued to defendant for Driving a Vehicle Without an Operator's License. Our review of the record before this Court supports the trial court's finding that no justification was given for the search of defendant and her vehicle, other than a search incident to arrest. Moreover, in its brief to this Court, the State does not argue another justification was offered, but rather argues that the search incident to arrest was legal, which addresses not the trial court's findings of fact, but rather its conclusions of law. Indeed, the State concedes that "[f]or the purposes of this argument, the contested findings may be literally correct in large part, but their implication is incorrect." Thus, the trial court did not err in making the challenged findings of fact, as each is supported by competent evidence in the record before this Court. These assignments of error are overruled.

II
The State next contends the trial court erred in making several of its conclusions of law. We disagree.
In its Order granting defendant's motion to suppress, the trial court made conclusions of law numbered three and six through sixteen, which are challenged on appeal:
3. The offense of Driving a Vehicle Without an Operator's License, the basis for the officer's "arrest," is a traffic offense for which any defendant may simply mail a fine and the costs of court to the Clerk of Superior Court without even making an appearance in court. N.C.G.S. 15A-1011(a)(4) (a person may tender a plea of guilty outside of court on traffic cases).
. . .
6. "The Fourth Amendment proscribes all unreasonable searches and seizures, and it is a cardinal principle that `searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendmentsubject only to a few specifically established and well-delineated exceptions.'" Mincey v. Arizona, 437 U.S. 385, 390 (1978) quoting Katz v. United States, 389 U.S. 347, 357 (1967).
7. A well-recognized exception to the warrant requirement is a search incident to a lawful arrest. "Under this exception, if the search is incident to a lawful arrest, an officer may `conduct a warrantless search of the arrestee's person and the area within the arrestee's immediate control.'" State v. Logner, 148 N.C. App. 135, 139 (2001) (quoting State v. Thomas, 81 N.C. App. 200, 210, disc. review denied, 318 N.C. 287 (1986)).
8. However, as with any warrantless search, it must be "`strictly circumscribed by the exigencies which justify its initiation.'" Mincey v. Arizona, 437 U.S. 385, 393 (1978) (quoting Terry v. Ohio, 392 U.S. 1, 26 (1968)).
9. Furthermore, a "search incident to arrest" naturally presupposes that there is a valid arrest. "An incident search cannot precede an actual arrest and serve as part of its justification." State v. Braxton, 90 N.C. App. 204, 208 (1988) (citing Henry v. United States, 361 U.S. 98 (1959)).
10. The facts listed in State v. Fisher, 141 N.C. App. 448 (2000) are virtually indistinguishable; wherein the North Carolina Court of Appeals held, that a finding that the defendant had been placed under arrest was not supported by competent evidence, and that any search pursuant to this detention was illegal and improper.
11. In the instant case, the evidence does not support a finding that the defendant was ever arrested for the charge of Driving While License Revoked or Driving a Vehicle Without an Operator's License. The officer merely gave the defendant a citation for Driving a Vehicle Without an Operator's License. The officer did not obtain a magistrate's order, or a magistrate's determination of probable cause for this offense. The fact that the officer may have testified or believed that he arrested the defendant for this offense of Driving While License Revoked is not controlling.
12. The magistrate did not issue a release order for the charge of Driving While License Revoked or Driving a Vehicle Without an Operator's License. There was no need for a release order, since the defendant was never arrested on that charge.
13. Since the defendant was not actually arrested for Driving a Vehicle Without an Operator's License, the search of the defendant's person and the vehicle driven by the defendant cannot be sustained as [a] search incident to a valid arrest.
14. Since the search of the defendant was illegal, and her subsequent arrest on drug charges arising from this search were based on an unlawful seizure and actions not authorized by law, all evidence seized from the vehicle should be excluded from evidence.
15. Any evidence, verbal or physical, obtained as a result of the search of the vehicle, is not admissible as evidence against the above named defendant in the above entitled matters or in any other proceeding, as there was no valid arrest prior to the search.
16. Further, there was no additional justification for the search as a matter of law.
In challenging the trial court's conclusions of law numbered three and six through nine, the State does not contest the validity of the conclusions of law but rather argues they have "no bearing on the validity of the arrest" and "are misleading, and therefore erroneous, insofar as they suggest any impropriety in defendant's arrest and the searches." The trial court's conclusions of law numbered three and six through nine are, at the time of the writing of this opinion, good statements of the law applicable to the issues before the trial court. These conclusions of law have direct bearing on the trial court's decision to grant defendant's motion to suppress. These assignments of error are overruled.
The State's arguments regarding the trial court's conclusions of law numbered ten through fifteen represent the heart of the matter before the trial court  whether there was a valid arrest of defendant which could support lawful searches of defendant and her vehicle incident to her arrest. The State contends the trial court erred in applying this Court's opinion in State v. Fisher, 141 N.C. App. 448, 539 S.E.2d 677 (2000), appeal dismissed and disc. review denied, 353 N.C. 387, 547 S.E.2d 420 (2001), to the instant case. We disagree.
In the case at hand, defendant was allegedly arrested for a traffic offense, but was merely given a citation for the offense. Officer McClanathan did not obtain a magistrate's determination of probable cause supporting his arrest of defendant for the offense of driving while license revoked. As in Fisher, no bond was set or release order issued pursuant to defendant's alleged arrest for driving while license revoked. Id. at 454, 539 S.E.2d at 682 (holding "the officers' complete failure to procure a magistrate's signature on the citation indicates that defendant was never arrested"). The State is correct that Officer McClanathan repeatedly testified he arrested defendant at the scene for driving while license suspended. However, "the subjective intent of the arresting officer can provide some evidence that the action taken was an arrestbut in and of itself it is not controlling." State v. Logner, 148 N.C. App. 135, 138, 557 S.E.2d 191, 194 (2001) (citation and quotations omitted). The State further argues the post-arrest procedure does not affect what took place at the scene and urges that the lack of a magistrate's determination of probable cause does not mandate a conclusion that an arrest did not take place. However, here, as in Fisher, it appears the trial court took other factors into account, namely, the consistency of the evidence.
We especially note the trial court's finding of fact number twelve, which reads, "Officer J. McClanathan testified that he then placed the defendant under arrest for Driving While License Revoked." The italicized portion of this finding of fact was hand written into the original order by the trial court and, based on this handwritten addition, it is apparent to this Court that the trial court may not have found the testimony of Officer McClanathan to be entirely credible on this point. Further, Officer McClanathan testified that, "While at the police department, during the arrest process I cited her for driving while license suspended on a uniform citation." (Emphasis added.) This testimony further supports the inference that the arrest was made based on the felony drug offense and not on the traffic offense. Accordingly, the trial court was presented with inconsistent evidence regarding whether defendant was actually arrested for the traffic offense.
It is not the role of this Court to weigh the evidence presented to the trial court, resolve conflicts in the evidence, nor weigh the credibility of the witnesses presenting the evidence. The trial court's conclusions of law numbered ten through twelve are supported by its findings of fact which are in turn supported by competent evidence in the record. Thus, the trial court did not err in concluding defendant was not legally arrested for any traffic offense as stated in its conclusion of law number twelve. As there was no legal arrest of defendant for any traffic offense, the search of defendant and her vehicle cannot have been conducted incident to an arrest, and the trial court did not err in concluding any evidence obtained as a result of the arrest and subsequent searches should be excluded from evidence, as stated in its conclusions of law numbered thirteen through sixteen. These assignments of error are overruled.

III
The State lastly contends the trial court erred in suppressing evidence seized from defendant's vehicle and defendant's statements to the police. However, the State merely reiterates its arguments presented in Issues I and II, supra, claiming that "that trial court erred in ordering suppression based upon its faulty findings and conclusions." As we have held the trial court did not err in making its findings of fact and conclusions of law, this assignment of error is overruled. Affirmed.
Judges WYNN and HUNTER concur.
Report per Rule 30(e).