STATE OF NORTH CAROLINA v. LAMONT DERRELL CARTER

No. COA07-1156

(Filed 17 June 2008)

**1. Search and Seizure— traffic stop—motion to suppress evidence—papers**

The trial court did not err in an accessory after the fact to murder and financial identity fraud case by denying defendant's motion to suppress evidence including papers seized during a search by an officer during a traffic stop because: (1) when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile; (2) defendant did not argue that his arrest for having an expired tag was not lawful, and there was no evidence to suggest such a conclusion; and (3) contrary to defendant's assertion, there is no requirement that the search be only for evidence of the crime for which defendant was arrested or that the illegal nature of that evidence be immediately apparent.

**2. Sentencing— prior record level—prior conviction remanded for lesser felony**

Defendant's motion for appropriate relief was granted and the case was remanded for the sole purpose of resentencing because: (1) at the sentencing hearing, defendant stipulated to having ten prior record points thus making him level IV; (2) one

of the prior convictions contributing to those ten points was a Class C felony for common law robbery which was remanded for resentencing based on a Class H felony for the charge of larceny from the person; and (3) deleting two points would make defendant a prior record level III instead of IV.

Appeal by defendant from an order entered 31 January 2007 by Judge Ronald L. Stephens in Wake County Superior Court. Heard in the Court of Appeals 19 March 2008.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Thomas J. Pitman, for the State.*

*Duncan B. McCormick for defendant-appellant.*

HUNTER, Judge.

Lamont Derrell Carter ("defendant") appeals from the trial court's order denying his motion to suppress entered 31 January 2007. After careful review, we affirm this order. However, we grant defendant's motion for appropriate relief as to his sentence and remand for the sole purpose of resentencing.

I.

The State's evidence presented at trial tends to show the following: On 3 September 2003, Officer J.J. Yardley of the Raleigh Police Department was on patrol near the intersection of Longstreet and Stuart Streets, an area well known for criminal activity, including the sale of drugs. Officer Yardley was in a marked police cruiser, looking for vehicles not coming to a complete stop at the stop signs at the intersection and using a radar gun to enforce the twenty-five miles per hour speed limit.

Around 1:30 a.m., Officer Yardley noticed defendant approaching a stop sign at the intersection in his vehicle. According to Officer Yardley's testimony, defendant then began turning right, which would have taken him toward the police cruiser; when his headlights fell on the police cruiser, however, defendant hesitated and then turned left, taking him away from Officer Yardley.

Officer Yardley then began to follow defendant. While following defendant, Officer Yardley noticed that defendant's registration for a temporary tag was old or worn. Officer Yardley activated his blue lights and pulled defendant over.

Officer Yardley approached the vehicle from the passenger's side and asked defendant for his license and registration, which defendant gave him. Officer Yardley observed that the address on defendant's registration for the temporary tag did not match defendant's address on his driver's license, and that the registration for the temporary tag had expired on 25 August 2003. Officer Yardley also observed several whole pieces of paper lying on the passenger seat of the car and noticed that defendant seemed unusually nervous.

Officer Yardley returned to his police cruiser to call for backup before he initiated a full custody arrest of defendant. Officer Yardley decided to arrest defendant because of the late hour, defendant's suspicious driving appearing to try and avoid the police, his nervousness during the stop and, ultimately, defendant's expired registration tag and the inconsistencies in defendant's addresses. Officer Yardley waited in his cruiser for backup to arrive, at which point he placed defendant under arrest for having an expired tag.

Subsequent to defendant's arrest, Officer Yardley conducted a search of defendant's car, during which he noticed that the papers in the passenger seat had been ripped into smaller pieces. Officer Yardley then began to piece the papers back together, at which point he was able to determine that one of them was a change of address form for an American Express Card belonging to Eric M. White. Officer Yardley questioned defendant about the papers, and defendant replied that they were "personal stuff." Yardley also asked who Eric White was, and defendant stated that he did not know what Yardley was talking about. After defendant was taken to jail, the remaining papers were pieced together and turned over to investigators.

Before trial, defendant made a motion to suppress the evidence obtained from the stop. The trial court denied the motion. On the basis of the papers and other evidence, defendant was charged with being an accessory after the fact to murder, financial identity fraud, and having habitual offender status. Defendant pled guilty to these charges, reserving the right to appeal the order denying his motion to suppress. He was sentenced to 522 months' imprisonment. Defendant now appeals the order denying his motion to suppress.

II.

[1] Defendant's sole argument to this Court on appeal is that the papers seized in the search by Officer Yardley should have been

suppressed because they were obtained by an illegal search and seizure. We disagree.

The scope of this Court's review of a trial court's ruling on a motion to suppress "is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982); *see also State v. Barden*, 356 N.C. 316, 340, 572 S.E.2d 108, 125 (2002), *cert. denied*, 538 U.S. 1040, 155 L. Ed. 2d 1074 (2003).

The trial court's order denying the motion to suppress contains the following conclusion of law, which clearly identifies three permissible grounds for a warrantless search: "[T]he papers initially seen in [1] plain view and later seized [2] pursuant to the arrest of the Defendant and [3] the search of his vehicle were seized lawfully and constitutionally[.]" This conclusion is based on findings of fact 6 and 9 through 12; however, defendant assigned error only to findings of fact 6 and 10, which read as follows:

6. The Defendant seemed nervous, and Yardley saw in plain view on the front seat of the car papers that appeared to have some writing on them and some with what appeared to be identifying information[.]

. . .

10. Yardley placed the Defendant under arrest, searched his vehicle pursuant to that arrest, secured the vehicle, seized the pieces of paper, and transported the Defendant to the magistrate's office for further processing[.]

Defendant argues at length that the trial court erred in concluding that the papers were lawfully seized pursuant to either the plain view exception or the search incident to arrest exception to the general requirement that a search warrant be obtained before a search may take place. Because we uphold based on the latter, we do not address the former.

The disputed conclusion of law above is based on several findings of fact to which defendant did not assign error. Contained in these findings of fact is the following information: Defendant changed direction when he saw Officer Yardley's police vehicle at the intersection; the area was a "moderately high crime area"; Officer

Yardley began to follow defendant based on "the time of the day, the area, and the movement of the vehicle"; Officer Yardley observed that the defendant's vehicle had an old or worn temporary tag with an obscured expiration date; and Officer Yardley determined that defendant's temporary registration and plate expired on 25 August 2003. Because defendant does not dispute these findings of fact, they are binding on this Court. *See, e.g., State v. Pendleton*, 339 N.C. 379, 389, 451 S.E.2d 274, 280 (1994), *cert. denied*, 515 U.S. 1121, 132 L. Ed. 2d 280 (1995). Officer Yardley testified that he decided to arrest defendant based on these facts as well as defendant's nervousness during their conversation.

> Generally, warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment of the United States Constitution. However, a well-recognized exception to the warrant requirement is a search incident to a lawful arrest. Under this exception, if the search is incident to a lawful arrest, an officer may "conduct a warrantless search of the arrestee's person and the area within the arrestee's immediate control."

*State v. Logner*, 148 N.C. App. 135, 139, 557 S.E.2d 191, 194 (2001) (citations omitted). The Court in *Logner* went on to note that the recent Supreme Court case of *New York v. Belton*, 453 U.S. 454, 69 L. Ed. 2d 768 (1981), "extended a search incident to a lawful arrest to vehicles[,]" and held that " 'when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident' of that arrest, search the passenger compartment of that automobile.' " *Id.* at 139, 557 S.E.2d at 194-95. This statement has been reaffirmed by this Court and our state's Supreme Court a number of times. *See, e.g., State v. Brooks*, 337 N.C. 132, 144, 446 S.E.2d 579, 587 (1994) ("[i]f officers have probable cause to arrest the occupants, they may search—incident to that arrest—the entire interior of the vehicle, including the glove compartment, the console, or any other compartment, whether locked or unlocked, and all containers found within the interior"); *State v. Wrenn*, 316 N.C. 141, 147, 340 S.E.2d 443, 448 (1986) ("[o]nce the officer made a lawful arrest in this case, he was authorized to search the passenger compartment of the vehicle"); *State v. VanCamp*, 150 N.C. App. 347, 352, 562 S.E.2d 921, 926 (2002) ("[o]ur appellate courts recognize the authority of an officer to search, incident to an arrest, the entire interior of the vehicle, including the glove compartment, console, or other interior compartments"); *State v. Fisher*, 141 N.C. App. 448, 455, 539

S.E.2d 677, 682 (2000) ("[i]t is well established that '[i]f officers have probable cause to arrest the occupants [of a vehicle], they may search—incident to that arrest—the entire interior of the vehicle") (citation omitted; second alteration in original). Defendant does not argue that his arrest was not lawful, and there is no evidence to suggest such a conclusion.

Defendant relies on a series of cases that state an arresting officer may lawfully search only for property connected to the crime with which he is charged. However, none of the cases relate to the search of a defendant within an automobile, and as such are irrelevant. Defendant attempts to graft on to the above-stated rule not only a requirement that the search be only for evidence of the crime for which the defendant was arrested, but also a requirement that the illegal nature of that evidence be immediately apparent. In none of the many cases cited above (*Brooks*, et al.) in which our Courts have considered this type of search has either been made a requirement. Defendant's argument is without merit and is overruled.

## III.

[2] On 3 March 2008, defendant filed a motion for appropriate relief regarding his sentence. At his sentencing hearing, defendant stipulated through counsel to having ten prior record points, making him a level IV. One of the prior convictions contributing to those ten points was for common law robbery, a class C felony, in May 2006. That conviction was vacated—see *State v. Carter*, 186 N.C. App. 259, 650 S.E.2d 650 (2007)—on 2 October 2007 by this Court and remanded to Guilford County for resentencing based on a charge of larceny from the person, a class H felony. Defendant argues that he is thus entitled to a new sentencing hearing to determine his prior record level. It appears that this is an appropriate request; deleting two points from his total would give him a prior record level of III, rather than IV. As such, we remand for the sole purpose of resentencing.

## IV.

Because the search producing the evidence was lawful, we affirm the trial court's ruling. We grant defendant's motion for appropriate relief and remand for the sole purpose of resentencing.

Affirmed in part; remanded in part.

Judges ELMORE and STROUD concur.